**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Phillip Darrell SMITH, Ronalda Smith, and One 1978 Pontiac Bonneville, Defendants-Appellants.**

Nos. 81–5574, 81–5781.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 8, 1982.

Decided March 27, 1984.

Rehearing and Rehearing En Banc in No. 81–5574 Denied May 8, 1984.

Ted Walker, Paul Morrow (argued), Nashville, Tenn., for defendants-appellants.

Joe B. Brown, U.S. Atty., William Cohen (argued), Asst. U.S. Atty., Nashville, Tenn., for plaintiff-appellee.

Before MERRITT and JONES, Circuit Judges, and MOYNAHAN, District Judge.[*]

NATHANIEL R. JONES, Circuit Judge.

Phillip and Ronalda Smith, the appellants in this consolidated appeal, seek a reversal of their jury conviction for unlawful distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (2) and 846.[1] They also appeal from the district court's grant of summary judgment in a forfeiture action pertaining to their automobile which was seized after their arrests. We hold that the evidence admitted against Phillip and Ronalda Smith

---

[*] The Honorable Bernard T. Moynahan, United States District Court for the Eastern District of Kentucky, sitting by designation.

**1.** 21 U.S.C. § 841(a) provides:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 846 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

during the trial was lawfully seized pursuant to a valid search warrant and therefore affirm their convictions. However, we reverse the district court's grant of summary judgment in the forfeiture action because a jury trial was warranted.

On October 28, 1980, Clifford Best, a Drug Enforcement Administration (DEA) agent acting in an undercover capacity, arranged to purchase cocaine from William Weaver. This was the first of several transactions for purchases of usually ½ to 1 ounce of cocaine, all of which required Best and Weaver to travel from Clarksville, Tennessee to Nashville, Tennessee, where the actual transfer of cocaine occurred. Upon arriving in Nashville, Best and Weaver would typically go to a restaurant or a hotel. Weaver would leave the restaurant or hotel, go to the apartment of Phillip and Ronalda Smith, and then return with the cocaine and receive the purchase price from Best. At the time the first transaction occurred, Weaver delivered the cocaine to Best, and was thereafter observed going to the parking lot to meet Ronalda Smith. She was driving the 1978 Bonneville that is the subject of the forfeiture proceeding.

The second transaction occurred on November 13, 1980. Upon arriving in Nashville, Weaver and Best drove to the apartment complex where the Smiths resided. After defendant Ronalda Smith entered her apartment, William Weaver entered the apartment with a portion of the purchase money for the cocaine. A few minutes later, Weaver left the apartment to meet Agent Best. Weaver delivered approximately one ounce of cocaine to Best, and received final payment from him for the rest of the cocaine. Weaver then went back into the Smiths' apartment.

On December 5, 1980, the date of the third transaction, Weaver and Best again drove to the apartment complex. After receiving partial payment for the purchase of cocaine from Agent Best, Weaver went into the Smiths' apartment. After a brief stay in the apartment, Weaver delivered approximately one-half ounce of cocaine to Agent Best, who paid Weaver the balance due for the cocaine. After receiving this additional money from Agent Best, Weaver again returned to the apartment.

On January 30, 1981, arrest warrants were signed by the United States Magistrate for the arrest of Ronalda Smith and William Weaver charging them with conspiracy to distribute cocaine.[2] At the time these arrest warrants were obtained, a discussion was held among Agents Tucker and Stafford, and the Assistant United States Attorney. They believed that Phillip Darrell Smith was involved in the conspiracy even though he was out of town at the time of each of the aforementioned transactions. This belief was based solely on conversations between Weaver and Agent Best. A decision was made not to serve the arrest warrants until the next morning. The agents hoped that since a larger transaction was set up at a nearby motel, Phillip Smith would appear with Weaver at the site of the proposed transaction. This participation would give the agents sufficient probable cause to arrest Phillip Smith.

On January 31, 1981, William Weaver, his wife and child were observed entering the Smiths' apartment. Weaver left the apartment to meet Agent Best at the Master Host Motel. Agent Tucker was keeping surveillance on the room. Weaver delivered an ounce of cocaine to Agent Best, and told him that only two ounces would be available. Best paid Weaver $1,000 in one-hundred dollar bills which had recorded serial numbers, and told him to go back and get all he could get. Weaver went back to the Smiths' apartment, and when he returned he was immediately arrested with the remaining amount of cocaine because, as Agent Tucker stated, "things weren't going as they had hoped."

**2.** The affidavit that was submitted in support of the warrant request for the arrest of Ronalda Smith and William Weaver is basically identical to the recitation of the facts given above. The affidavit recites the observations and transactions beginning on October 27, 1980 and extending through the December 5, 1980 transaction.

The agents then went to the Smiths' apartment to arrest Ronalda Smith pursuant to the arrest warrant. Agents Tucker and Stafford both admitted that they did not personally see Phillip Smith violate any laws. When they arrived to effectuate the arrest, Ronalda Smith answered the door. She attempted to slam the door when the agents identified themselves. She screamed, but the agents proceeded to arrest her in the doorway of her apartment. At this time, the agents observed a shadow moving rapidly away from the upper stairway of the apartment, and immediately ran upstairs where they found Phillip Smith in the bedroom. He was arrested. The agents observed some cocaine in the bedroom, but they did not seize it at that time.

After these arrests were made the agents obtained a search warrant of the premises.[3] They seized cocaine, marijuana and other drug paraphernalia. They also seized $1,000 in United States currency and various other amounts of money throughout the house. Another $440 was also discovered and, at this time, the DEA seized the 1978 Pontiac Bonneville.

On February 6, 1981, indictments were issued against William Weaver, Ronalda Smith and Phillip Darrell Smith charging them with conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 843(b), 846 and 18 U.S.C. § 2. Although Weaver entered a guilty plea, the appellants proceeded to a jury trial in the United States District Court for the Middle District of Tennessee with Judge Morton presiding. Prior to trial, the appellants moved to suppress the fruits of the search that was conducted during and after their arrests. The suppression motion was denied, and the evidence was admitted. At the close of the proof, the jury rendered a verdict of guilty on all counts of the indictment. Appellants were sentenced to a five year term of imprisonment with a special parole term of three years.

On May 15, 1981, a complaint was filed with the district court seeking forfeiture of the 1978 Bonneville and $1,440.00 in United States currency. The government filed a motion for summary judgment which was granted in its favor on August 13, 1981. The appellants appealed their convictions

---

**3.** The affidavit in support of the search warrant was identical to the affidavit that was used to obtain the arrest warrant for Ronalda Smith with the exception that it included the events which transpired during the arrest of Ronalda Smith. The search warrant affidavit included the following additional language:

On January 30, 1981, William Weaver again met with Special agent Best to discuss the sale of cocaine to Best. During this meeting, Weaver told Best that his man had it at his house. On January 31, 1981, agents of the Drug Enforcement Administration observed William Weaver, a female, and a child enter Apartment E–107, Hidden Valley Apartments. Weaver then met with Special Agent Best and Tucker at Ireland's Restaurant, Murfreesboro Road, Nashville, Tennessee, and had Best and Tucker check into the Master Hosts hotel on Murfreesboro Road. While in a hotel room, Weaver sold Best ½ ounce of suspected cocaine. Weaver was paid $1,000 for the cocaine, in bills that agents of the DEA had previously recorded the serial numbers of. While making the sale, Weaver told Agent Best that the man's got at least one more ounce at the house, and that he (Weaver) was going to try to bring it to agent Best. Weaver left the hotel room and was later observed by agents on surveillance entering Apartment E–107, Hidden Valley Apartments. Agent Best

has stated that the substance delivered to him by Weaver looks similar to the previous substances furnished to him by Weaver. Shortly afterwards, Weaver again returned to the hotel room in the Master Hosts hotel. Weaver again delivered a substance similar to that he had previously sold agent Best. Weaver was then arrested.

Agents of the Drug Enforcement Administration then proceeded to Apartment E–107, Hidden Valley Apartments. Ronalda Smith answered the agents' knock at the door. After an agent identified himself, Ronalda Smith screamed and attempted to close the door on the agents. Ronalda Smith was then placed under arrest, and it was learned that her husband, Phillip Darrell Smith was in the upstairs of the apartment. Agents of the DEA went to the foot of the stairs leading to the upstairs of the apartment and observed a shadow moving quickly away from them. Phillip Darrell Smith was then apprehended in an upstairs bedroom of the apartment. In the upstairs bedroom were [sic] a white powdery substance which appears to be cocaine, which was with a razor on a piece of glass. In the undersigned's experience as a DEA agent, he has learned that cocaine is frequently cut using a razor and a piece of glass.

and the grant of summary judgment in the forfeiture action.

In this appeal, the appellants contend that the warrantless arrest of Phillip Smith was invalid because the officers lacked the probable cause necessary to justify such an arrest. They also submit that the district court erred in denying their suppression motion because the evidence was seized pursuant to an illegal search of the premises. With respect to the forfeiture action, they submit that they were entitled to a jury trial on the issue of the use of the car in facilitating the sale of cocaine.

## I. Search Pursuant to the Warrant

■ After Ronalda and Phillip Smith were arrested at their apartment, the agents went to a magistrate and obtained a search warrant based, in part, upon the things they observed, purportedly in plain view, while effectuating the arrests. The affidavit submitted in support of the search warrant contained a description of the numerous items observed by the agents while they were present in the Smith apartment. It also included information to the effect that the money given to Weaver during these transactions was delivered to the Smiths' apartment. Appellants contend that since the description of items observed during the arrest of Phillip Smith exceeded the permissible scope of a search, any reliance upon these items for the purpose of substantiating probable cause for this search warrant was invalid. We need not decide whether the agents exceeded the permissible scope of a search during Phillip Smith's arrest because it is well-settled that:

> when a search warrant is based partially on tainted evidence and partially on evidence arising from independent sources, "[i]f the lawfully obtained information amounts to probable cause and would have justified issuance of the warrant apart from the tainted information, the evidence seized pursuant to the warrant is admitted."

*United States v. Williams*, 633 F.2d 742, 745 (8th Cir.1980), *quoting James v. United States*, 418 F.2d 1150, 1152 (D.C.Cir.

1969). *See also, United States v. Giordano*, 416 U.S. 505, 554–56, 94 S.Ct. 1820, 1845–46, 40 L.Ed.2d 341 (1974) (Powell, J. concurring and dissenting); *United States v. Korman*, 614 F.2d 541, 547 (6th Cir.) *cert. denied*, 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 808 (1980); *United States v. Grunsfeld*, 558 F.2d 1231, 1240–41 (6th Cir.) *cert. denied*, 434 U.S. 872, 98 S.Ct. 219, 54 L.Ed.2d 152 (1977). Therefore, unless the tainted information was so important that probable cause did not exist without it, suppression is not required. Accordingly, we must determine whether there was sufficient lawfully obtained evidence in the case at bar which justified the issuance of the warrant.

■ The affidavit indicates that DEA agents had the Smith apartment under observation and saw Weaver entering and leaving the apartment before and after each of the cocaine transactions at issue. Moreover, Weaver had informed the agents that he was late for a delivery of cocaine on one occasion because he had taken a "toot" of cocaine before leaving the Smiths' apartment. Weaver also informed the agents of the quantities of cocaine that his source had in her possession "at the apartment." In light of the information received from Weaver and the observations made by the DEA agents, we conclude that there was sufficient valid probable cause based upon pre-arrest observations for the warrant to issue. The affidavit specifically identified the Smith residence as the sight of the pre and post-transaction meetings. Furthermore, Ronalda Smith, one of the two people renting the apartment, had actually made one of the deliveries herself. Under these circumstances, there was a finding of sufficient probable cause to validate the search. *United States v. Korman*, 614 F.2d 541, 547 (6th Cir.), *cert. denied*, 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 808 (1980). Although the search during the course of the arrests may have been improper, a point we need not decide, there was sufficient probable cause for the search warrant to issue based upon pre-arrest observations. Accordingly, to the ex-

tent that the district court's denial of the motion to suppress the evidence was based upon the search warrant that was substantiated by valid probable cause, the lower court's denial of the suppression motion is affirmed.

## II. Forfeiture of the Automobile and Money

The district court granted summary judgment in favor of the government in the forfeiture action upon concluding that the doctrine of collateral estoppel would render the jury's findings in the criminal action applicable to the subsequent civil proceeding which involved the same parties. The appellants contend that the lower court erred in denying them their right to a jury trial in the forfeiture proceeding because the issue concerning the use of the automobile to facilitate the sale of cocaine was not actually litigated in the criminal action.

The doctrine of collateral estoppel arises when an issue in a prior trial is: 1) identical to that involved in a subsequent action, 2) actually litigated in the earlier action, and 3) necessary and essential to the judgment on the merits. *United States v. One 1975 Chevrolet*, 495 F.Supp. 737, 741 (W.D.Mich.1980). In the case at bar, the only evidence at trial which involved the Pontiac Bonneville pertained to a meeting at Ireland's Restaurant when Weaver left the restaurant and went to the parking lot to meet Ronalda Smith who was driving the car. At this meeting, Weaver delivered $1,100 to Ronalda Smith which he had received from the agents in return for the cocaine.

The government contends that it was necessary for the jury to find that Ronalda Smith was in the car in the parking lot at Ireland's Restaurant in order for it to find her guilty of conspiracy to distribute cocaine. Thus, it submits that the jury must have found that the Bonneville was used to facilitate the sale of cocaine in order to find the appellants guilty. *See* 21 U.S.C. § 881(a)(4). Count two of the indictment charged Ronalda Smith and William Weaver with conspiracy to distribute cocaine on October 28, 1980, the date of the transaction at Ireland's Restaurant. Counts three, four, and five charge the same offense in relation to the transactions that occurred on subsequent dates. With respect to count two, the jury could have found the defendant guilty based upon the fact that Weaver went by the Smith apartment before the transaction or upon the fact that Ronalda Smith met him in the parking lot after the transaction. Because of the possibility of different bases for the finding of guilt as to this count, it is clear that a finding that the automobile was used to facilitate the sale was not "necessary and essential to the judgment" on the merits. Thus, we conclude that the use of the Bonneville was not actually litigated in the criminal trial; nor was it necessary to a finding of guilt. *Accord United States v. One 1975 Chevrolet*, 495 F.Supp. at 741.

With respect to the money that was seized from the apartment, we conclude that since the search was conducted pursuant to a valid warrant, this constituted a separate and independent ground for sustaining the forfeiture. *Accord United States v. One 1976 Mercedes Benz 280S*, 618 F.2d 453, 455 (7th Cir.1980). *See also Cooper v. California*, 386 U.S. 58, 61–62, 87 S.Ct. 788, 790–791, 17 L.Ed.2d 730 (1967).

## III.

In light of our disposition that the convictions of Phillip and Ronalda Smith can be upheld based upon the evidence obtained from the valid search warrant, we need not address the validity of the arrest of Phillip Smith or the validity of the "protective sweep." The judgment of the district court is AFFIRMED in part and REVERSED in part. This action is REMANDED for a jury trial with respect to the forfeiture of the automobile.