941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
127.814 ACRES OF LAND, Defendant,
Estate of Matt Jones and Margaret Jones, Defendants-Appellants.
 No. 90-6188.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1991.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pursuant to 21 U.S.C. § 881(a)(7), the United States brought this action for civil forfeiture of the defendants' real property, a Kentucky farm, after the defendant Matt Jones was convicted of conspiracy to manufacture, grow, and produce marijuana. Jones' wife, Margaret Jones, was not criminally prosecuted but intervened in the civil forfeiture action to protect her property interest in the farm. After Matt Jones' conviction, but before the district court's final judgment in the civil forfeiture action, Matt Jones died. Margaret Jones' dower interest in the farm, if not forfeited prior to Matt's death, would become a present property interest at his death.
 
 
 2
 The district court granted summary judgment in favor of the government with respect to both of the defendants. The Estate of Matt Jones as well as Margaret Jones contend that the district court erred in granting summary judgment for the United States. For the reasons that follow, we AFFIRM the district court's grant of summary judgment for the government against the defendant Estate of Matt Jones. We REVERSE, however, the grant of summary judgment for the government against the defendant Margaret Jones and REMAND for proceedings consistent with this opinion.
 
 
 3
 * On May 14, 1987, Kentucky State Police Officer Ronnie Ray went to the Jones' farm to investigate the theft of some of Jones' cattle. In plain view, Officer Ray saw cultivated marijuana being grown in a field near the house. Altogether, Jones found 212 marijuana plants either in potted containers in outbuildings on Jones' land or growing in his open field.
 
 
 4
 On October 7, 1987, Matt Jones and his son Steve Jones were charged under a three count indictment dealing with the marijuana. The first count charged conspiracy to manufacture, produce and grow marijuana. The other two counts charged the two with the offenses of producing marijuana and possession with intent to distribute. Steve Jones pled guilty to count one of the indictment with the agreement that the other two counts would be dropped. A jury convicted Matt Jones on count one, but acquitted him on counts two and three.
 
 
 5
 During the pendency of the indictment, the United States filed its complaint against Matt Jones seeking civil forfeiture of the Jones' farm under 21 U.S.C. § 881(a)(7). Margaret Jones joined the civil forfeiture suit in an attempt to protect her dower interest in the property. As stated, after Matt Jones' conviction, but prior to the conclusion of the civil suit, Matt Jones died. His estate has continued to contest the civil forfeiture action.
 
 
 6
 In granting summary judgment for the government against the defendant Estate of Matt Jones, the district court applied the theory of collateral estoppel regarding essential issues decided by his criminal conviction. Moreover, the district court granted summary judgment for the government against the defendant Margaret Jones because, the district court concluded, she failed to raise a material issue of fact concerning her innocent interest in the land. Both defendants now appeal that judgment to this court.
 
 II
 
 7
 On appeal, the defendants argue that the district court applied an incorrect standard for determining whether the forfeiture should be granted. The defendants contend that the district court applied the "exceptionally innocent" owner standard. The "exceptionally innocent" owner standard requires that the defendant prove three things to avoid forfeiture: (1) the defendant was unaware of the criminal conduct; (2) the defendant was uninvolved in the criminal conduct; and (3) the defendant did everything reasonable to prevent the proscribed use of the property.[1] Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 689-90 (1974). The defendants claim that this standard only applies to personal property, not real property such as that involved in the case at bar. In order to avoid forfeiture under the forfeiture provision dealing solely with real property, 21 U.S.C. § 881(a)(7), the defendants contend that they only were required to show that they lacked knowledge of the illegal activity on their property and did not consent to it. The government concedes that the "exceptionally innocent" standard is an incorrect standard, but maintains that the district court did not apply that standard.
 
 
 8
 The "exceptionally innocent" ownership standard, the higher of the two standards mentioned above, is applied in cases involving 21 U.S.C. § 881(a)(4). See, One 1976 Cessna Model 210L Aircraft, 890 F.2d 77, 80 (8th Cir.1989). Section 881(a)(4) applies only to forfeiture of personal property, not real property. The section 881(a)(4) standard is higher in that it requires the defendant, to prevail, to do everything reasonable to prevent the illegal use of the property. Under section 881(a)(7), the owner need prove only lack of knowledge or consent.
 
 
 9
 In granting summary judgment for the government in this case, the district court stated:
 
 
 10
 if the claimant is "exceptionally innocent," as defined by the United States Supreme Court in Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663 (1974), a case involving forfeiture of personal property, then a defense to forfeiture exists. The claimant bears the burden of proving his exceptional innocence."
 
 
 11
 It is clear, therefore, that the district court applied the "exceptionally innocent" owner standard to the defendants. Under the correct standard, the defendants could avoid the forfeiture of their interests in the farm if they merely were without knowledge of the activity, or did not consent to the illegal activity. See 21 U.S.C. § 881(a)(7). Thus, the district court applied an incorrect standard.
 
 
 12
 Although it applied a wrong standard, the district court correctly determined that there was no genuine issue of material fact concerning the defendant Matt Jones' knowledge or consent of the marijuana production. Matt Jones was convicted of conspiracy to produce marijuana. The district court relied on the theory of collateral estoppel or issue preclusion in determining that no genuine issue of material fact exists as to Matt Jones' awareness of the criminal conduct on his land.
 
 
 13
 The doctrine of issue preclusion applies if three requirements are meet. First, the issues in the prior trial must have been identical. Second, the issue must actually have been litigated. Third, it must have been necessary and essential to the judgment on the merits. United States v. Smith, 730 F.2d 1052 (6th Cir.1984). The district court correctly considered each of these elements and determined that each was met.
 
 
 14
 The Estate argues on appeal, however, that the jury did not decide the issue of whether Matt Jones knew or consented to the illegal activity on his farm in convicting him of conspiracy. According to the Estate of Matt Jones, Matt Jones could have been convicted by the jury if he knew, encouraged and assisted his son in the manufacture of the marijuana, without the jury having to believe that he knew about the 212 plants on his farm.
 
 
 15
 The district court correctly rejected this argument. The issue at the criminal trial was Matt Jones' involvement in the production of marijuana. The jury convicted him of the conspiracy charge. In order to convict, the jury necessarily would have found that Matt Jones knew about and consented to the marijuana discovered on his farm. The facts at trial involved marijuana only located on his farm. Although the district court applied the incorrect standard to determine whether the Estate of Matt Jones could avoid forfeiture, no genuine issue of material fact exists as to whether Matt Jones had knowledge of the use of his real property or consented to the use. Thus, no issue of material fact exists under the correct standard for forfeiture. Consequently, the district court did not err in granting summary judgment in favor of the government as to the claim against the Estate of Matt Jones.
 
 III
 
 16
 Because Margaret Jones was not criminally charged or convicted of any charges concerning the marijuana, the theory of collateral estoppel does not apply to her. Thus, in reviewing the district court's grant of summary judgment, we must review de novo the pleadings, admissions and affidavits to determine whether a genuine issue of material fact exists regarding Margaret Jones knowledge or consent of the criminal conduct on the Jones farm. Fed.R.Civ.P. 56(c).
 
 
 17
 It should be noted, however, that Margaret Jones claims partial ownership in the land based on her dower interest as the wife of Matt Jones. The district court assumed that Margaret's interest sufficiently had vested prior to Matt's death that she was at least a partial owner. The government does not challenge this on appeal.
 
 
 18
 The district court held, based on the affidavits of Officer Ronnie Ray and Deputy United States Marshal Robin Maley, that there was no material issue of fact concerning Margaret's knowledge of the marijuana production on the farm. Officer Ray was the police officer who initially discovered the marijuana. During the time that he was at the residence, he looked out into a field and noticed cultivated marijuana plants. After receiving permission to search the premises, he discovered 212 marijuana plants in buildings on the farm and in an open field adjacent to the back of the house.
 
 
 19
 Officer Ray stated in his affidavit that the cultivation was a considerable enterprise. Ray further stated in his affidavit that he discovered 300 feet of water hose leading from a faucet attached to the house to the plants. According to his affidavit, the marijuana in the field was about three feet tall and visible from the fence surrounding the house. Upon investigation, Officer Ray stated, he discovered that Margaret Jones paid electric bills that increased substantially during the sixteen months before the arrests. The government contends that this is explained by the lights used for indoor marijuana production. Moreover, Deputy United States Marshal Robin Maley stated in her affidavit that, while taking inventory in the Jones' home of property for seizure, she discovered in plain view a book entitled "Marijuana Growers Guide" and a marijuana-growers' magazine entitled "High Times."
 
 
 20
 In opposition to the motion for summary judgment, Margaret Jones submitted her own affidavit. In the affidavit, she denied, or had an innocent explanation for, essentially every contention in the affidavits submitted by the government. She denied any knowledge of growing marijuana or even that any marijuana was in plain view. She contended that it was all in buildings or hidden in tall grass. She denied that any garden hose ran from the house to the marijuana plants. Margaret Jones stated, "[e]very suspicious circumstance, which I now know is explained by the marijuana growing activity carried out by my son, was ostensibly explained by innocent circumstances at the time. For instance, the high electric bills were explained to me by [my son] as a result of his having an unusual number of baby chickens ... which chickens need heat lamps." Thus, Margaret Jones' affidavit refutes all of the officers' contentions.
 
 
 21
 The district court held that there was no material issue of fact concerning Margaret's knowledge of the marijuana. We disagree. The conflict between the law enforcement officers' affidavits and Margaret Jones' affidavit creates a genuine issue of material fact concerning whether Margaret Jones knew of the activity on the land.
 
 IV
 
 22
 We AFFIRM as to the Estate of Matt Jones, but we REVERSE the decision of the district court granting summary judgment against the defendant Margaret Jones and REMAND for further proceedings consistent with this opinion.
 
 
 
 [1]
 The burden of proof in a forfeiture case shifts from the government to the defendant once the government has shown probable cause to institute a forfeiture action. United States v. $22,287.00 in United States Currency, 709 F.2d 442 (6th Cir.1983). The defendants concede that the government established probable cause. The burden, therefore, is placed on the defendants to show that they are "innocent parties."