994 F.2d 287
 UNITED STATES of America, Plaintiff-Appellee,
v.
THREE TRACTS OF PROPERTY LOCATED ON BEAVER CREEK, KNOTT
COUNTY, KENTUCKY, with all Appurtenances and Improvements
Thereon, in the Name of Donna Hall; One-Half Acre Located
on Beaver Creek in Knott County, Kentucky, with all
Appurtenances and Improvements Thereon, in the Names of
Claude Hall, Jr., and Sandra Kay Hall; and $29,100.00 in
United States Currency, Defendants,
Claude Hall, Sr., Claude Hall, Jr., Sandra Kay Hall and
Donna Hall, Claimants-Appellants.
 No. 92-5833.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 26, 1993.
Decided May 26, 1993.
 
 Karen K. Caldwell, U.S. Atty., Martin L. Hatfield (briefed), Marianna Jackson Clay, and Thomas Lee Gentry (argued), Asst. U.S. Attys., Office of the U.S. Atty., Lexington, KY, for plaintiff-appellee.
 Ned B. Pillersdorf and James J. Barrett (argued and briefed), Pillersdorf, Derossett & Barrett, Prestonburg, KY, for appellants.
 Before: RYAN and SUHRHEINRICH, Circuit Judges; and BROWN, Senior Circuit Judge.
 BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 Claimants appeal the district court's grant of summary judgment for the government in this civil action for forfeiture of 51 acres of real property,[1] for the forfeiture of a one-half acre tract, and for the forfeiture of $29,100 of U.S. currency. For the reasons which follow, we AFFIRM in part and REVERSE in part.I
 
 
 2
 In April 1991, an eight-count indictment was returned against the Hall family: Claude, Sr., and his wife, Donna, and Claude, Jr., and his wife, Sandra. Each was charged, in summary, with: (1) conspiracy to manufacture with intent to distribute marijuana; (2) knowingly and intentionally manufacturing and aiding and abetting the manufacture of marijuana; (3) possessing with intent to distribute and aiding and abetting possession with intent to distribute marijuana; and (4) unlawfully possessing and aiding and abetting the unlawful possession of unregistered destructive devices (booby traps), and use of such devices during and in relation to a drug trafficking offense.
 
 
 3
 A jury found Claude, Sr., and Claude, Jr., guilty on all eight counts, Donna guilty on counts 1-4, that is, all but the destructive device counts, and Sandra was acquitted on all counts. Claude, Sr., Claude, Jr. and Donna Hall's convictions and sentences were affirmed by this court. United States v. Hall, 968 F.2d 1216 (6th Cir.1992) (table) (unpublished opinion).
 
 
 4
 After claimants Claude, Sr., Claude, Jr. and Donna Hall were convicted and sentenced, the government filed a civil complaint for forfeiture in rem against the 51 acre tract, title to which was vested in Donna Hall, a nearby one-half acre tract, title to which was vested in Claude, Jr., and his wife, Sandra Hall, and $29,100 in U.S. currency, owned by Claude Hall, Sr., which was found in a bag in the trunk of a car owned by him. The entire record from the criminal trial was, without objection, made a part of the record in the civil forfeiture action and the same district judge presided at both proceedings. The district court found probable cause to believe that the defendant property and currency were used or intended to be used to facilitate or were derived from illegal drug activities in violation of 21 U.S.C. §§ 801 et seq., and that therefore the defendant real property was subject to forfeiture under 21 U.S.C. § 881(a)(7) and the defendant cash was subject to forfeiture under 21 U.S.C. § 881(a)(6). A warrant of arrest was issued ordering the U.S. Marshal to seize the property and currency.
 
 
 5
 Claimants filed a verified claim and the government thereafter filed a motion for summary judgment. Relying upon the former criminal adjudication, the district court found that the convicted claimants were collaterally estopped from denying forfeitability in this case. In the alternative, the district court found that, with respect to the convicted claimants and Sandra Hall, the motion for summary judgment was sufficiently supported by facts in the record independent of the convicted claimants' convictions. The district court therefore granted the government's motion for summary judgment with respect to the convicted claimants and Sandra Hall. Claimants timely appealed to this court.
 
 II
 
 6
 This court reviews a grant of summary judgment de novo, making all reasonable inferences in favor of the non-moving party. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
 
 III
 
 7
 Sandra Hall contends that the district court erred in sustaining the government's motion for summary judgment of forfeiture with respect to her interest in the one-half acre tract which she and her husband acquired in 1977 and upon which the mobile home was located in which she and her husband, Claude Hall, Jr., and their children resided.
 
 
 8
 The applicable forfeiture statute, 21 U.S.C. § 881(a)(7), provides, in relevant part, for forfeiture of:
 
 
 9
 All real property, including any right, title and interest ... in the whole of any lot or tract of land and any appurtenances or improvements, which is used ... in any manner or part, to commit, or facilitate the commission of, a violation of this subchapter ... except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed without the knowledge or consent of the owner.
 
 
 10
 To avoid forfeiture, this statute, by its terms, places a burden on Sandra Hall to show at trial by a preponderance of the evidence that any use of this property to facilitate the production or storage of marijuana was done without her knowledge or consent. This appears to be the same evidentiary burden that Sandra Hall would bear as a result of the district court's having found probable cause for forfeiture with respect to all of the involved property.
 
 
 11
 The question here, however, is whether the government was entitled to summary judgment of forfeiture with respect to Sandra Hall's interest in this one-half acre tract. More specifically, the question is whether, on the summary judgment record, a trier of the fact could, within reason, find that Sandra Hall's interest was not subject to forfeiture. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 
 
 12
 The only evidence in the record connecting this property with the production or storage of marijuana is the proof that "a bag of marijuana" and a "jar containing several thousand marijuana seeds" were found in the mobile home in which Sandra Hall and her husband lived. Sandra Hall, however, both as a witness at the criminal trial and in an affidavit filed in this proceeding, denied that she had any knowledge that there was marijuana or marijuana seeds in their mobile home. This being the summary judgment record, it cannot be held that a reasonable trier of the fact could not find that this marijuana and these marijuana seeds were in this mobile home without Sandra Hall's knowledge or consent.
 
 
 13
 We therefore conclude that the district court erred in granting summary judgment with respect to Sandra Hall's interest in this one-half acre tract.
 
 IV
 
 14
 Donna and Claude Hall, Sr., contend that the district court erred in holding that, having been found guilty, they were estopped from denying that the defendant 51 acre tract, owned by her and in which he had a dower interest,[2] and the currency, owned by him, were used to facilitate illegal drug activity. Claude Hall, Jr. contends that the court erred in holding that he was so estopped with respect to his interest in the one-half acre tract.
 
 
 15
 The doctrine of collateral estoppel, or issue preclusion, applies if three requirements are met. First, the issue in the prior trial must have been identical. Second, the issue must actually have been litigated. Third, it must have been necessary and essential to the judgment on the merits. United States v. Smith, 730 F.2d 1052 (6th Cir.1984). Conviction in a prior criminal trial, therefore, does not, ipso facto, collaterally estop claimants from contesting the forfeiture. Smith, 730 F.2d at 1057. Further analysis is necessary.
 
 
 16
 The government contends that it was necessary for the jury to find, in order to convict Donna Hall, that the large amount of marijuana (thousands of plants protected by booby traps) involved in the charged crimes was grown by her husband and son, with her knowledge and consent, on the 51 acres owned by Donna Hall. Thus, it submits that the jury must have found that the defendant 51 acre tract of land, with Donna Hall's knowledge and consent, was used to facilitate the manufacture of marijuana by her husband and son in order to find her guilty. See 21 U.S.C. § 881(a)(4) (1988). We agree, and therefore conclude that the district court did not err in applying the doctrine of collateral estoppel to Donna Hall's claim and to Claude Hall, Sr.'s dower claim to this land. Further, since Claude, Jr. did not testify and has not otherwise denied under oath that the marijuana and marijuana seed found in the mobile home were there with his knowledge and consent, the grant of summary judgment with respect to his claim to the one-half acre tract was proper.
 
 V
 
 17
 The government next contends that it was also necessary for the jury to find, to convict Claude, Sr. as it did, that the defendant currency, $29,100, was used to facilitate or was derived from, the illegal drug activities. We note preliminarily that Claude Hall, Sr. was charged and convicted of manufacturing, not selling, marijuana, and that he testified at trial that this cash was derived from a settlement of his black lung claim as a coal miner.[3]
 
 
 18
 The government introduced the seized currency into evidence during the criminal trial, and presented detailed evidence regarding the fact that the finances of Claude, Sr. and Donna Hall involved exclusive use of cash, both for purchases and bank deposits. Although the evidence at trial proved that Claude, Sr. and Donna Hall were supporting themselves by the production and sale of marijuana and therefore were guilty of the charged crimes, it is clear that a finding that the defendant currency represented proceeds from illegal drug sales was not "necessary and essential to the judgment" on the merits. Moreover, the testimony submitted by Claude Hall, Sr. during the criminal trial that the money represented his black lung settlement as a former coal miner, which is a part of the summary judgment record, created a genuine issue of material fact as to the source of this cash. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
 
 
 19
 Neither the doctrine of collateral estoppel nor facts in the summary judgment record independent of Claude Hall, Sr.'s conviction support the grant of summary judgment in favor of the government as to the defendant currency.
 
 VI
 
 20
 Accordingly, the judgment of the district court is AFFIRMED in part and REVERSED in part and REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 The deed conveying this property to claimant Donna Hall describes the property as consisting of three tracts that apparently are contiguous
 
 
 [2]
 Located on this 51 acre tract was their dwelling house, garage and shed
 
 
 [3]
 We also note that at the criminal trial, the government took the position, and the district court agreed, that forfeiture was not an issue in that proceeding. That is the reason the district court stated in sustaining the government's objection to Claude Hall, Sr.'s testimony in the criminal trial that he withdrew the money from the bank on advice of counsel