56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lynzell CHILDS, Plaintiff-Appellant,
v.
David L. TRIPPETT (aka Trippett); Clenton R. Wallace; Larry
Brannor (aka Branham); Dan Houghton; Richard
Carrill; John Doe; Carmen Roach; Daniel
R. Finley; Gary Berger,
Defendants-Appellees.
 No. 94-2408.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1995.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 Lynzell Childs, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Childs sued multiple prison officials in their individual and official capacities. Childs alleged that the defendants improperly fired him from his job in the prison's kitchen and filed a false misconduct report to justify his termination. Despite being found not guilty of the misconduct charge, Childs was denied reinstatement to his job. Childs claimed that as a result of defendants' actions, he suffers from mental anguish, auditory hallucinations, memory loss, and flashbacks. Childs also alleged that he was denied psychological treatment for these mental problems. Childs felt that defendants violated his Eighth and Fourteenth Amendment rights.
 
 
 4
 Defendants filed a motion for summary judgment which Childs opposed. Upon de novo review of a magistrate judge's report and over Childs's objections, the district court granted summary judgment to the defendants.
 
 
 5
 In his timely appeal, Childs argues that the district court erred: 1) by not ordering him returned to his previous job; and 2) by denying him "his constitutional right of confrontation where the trial court refused to allow defense counsel to reinstatement [sic]" to his previous job with back pay. He has moved for the appointment of counsel.
 
 
 6
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir. 1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. Childs had previously filed suit against Wallace, Finley, and Roach in 1992 raising the same issues presented in this case. Therefore, Childs's claims as to these defendants are barred by the doctrine of claim preclusion. White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir. 1986). Childs's claims against Houghton and Branham are barred by the doctrine of collateral estoppel as the district court decided these claims against Childs in his 1992 action. See Montana v. United States, 440 U.S. 147, 153-54 (1979); United States v. Three Tracts of Property Located on Beaver Creek, Knott County, Ky., 994 F.2d 287, 290 (6th Cir. 1993).
 
 
 8
 Carrill did not violate Childs's Eighth Amendment rights. Prison authorities may be sued for deliberate indifference to the serious medical needs of a prisoner under the Eighth Amendment when such an indifference constitutes the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The evidence establishes that Carrill was not deliberately indifferent to Childs's medical needs. Finally, we conclude that Tripett and Berger did not violate Childs's constitutional rights. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 9
 Accordingly, we deny the motion for appointed counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation