65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
THREE TRACTS OF PROPERTY LOCATED ON BEAVER CREEK, KNOTT
COUNTY, KENTUCKY, With all Appurtenances and Improvements
Thereon, in the Name of Donna Hall; One-Half Acre Located on
Beaver Creek in Knott County, Kentucky, With all
Appurtenances and Improvements Thereon, in the Names of
Claude Hall, Jr., and Sandra Kay Hall; $29,000 in United
States Currency, Defendants,
Claude Hall, Sr.; Donna Hall; East Kentucky Energy
Corporation, Claimants,
Claude Hall, Jr.; Sandra Kay Hall, Claimants-Appellants.
 No. 94-5797.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Claude Hall Jr. and Sandra Hall appeal pro se a district court order and final decree of forfeiture dated April 15, 1994. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking to quiet title in their favor, Claude Hall Jr. and Sandra Hall, husband and wife, challenge a civil action in rem brought by the United States to enforce the provisions of 21 U.S.C. Sec. 881(a)(6) and (7) for the forfeiture of real property. The United States sought forfeiture of the defendant real properties on the grounds that they were used to facilitate the growth and/or sale of marijuana. Forfeiture of $29,000 in currency was sought on the grounds that it represented proceeds from the sale of marijuana. The parties involved in the action were Claude Hall Sr. and Donna Hall, husband and wife, and their son and daughter-in-law, Claude Hall Jr. and Sandra Kay Hall. The district court granted summary judgment in favor of the government and the claimants appealed.
 
 
 4
 On appeal, this court affirmed the summary judgment in favor of the United States against Claude Hall Sr. and Donna Hall with respect to their interest in the defendant three tracts of property (also known as 51 acres) located on Beaver Creek in the name of Donna Hall. However, this court reversed the district court's judgment as to the forfeiture of the defendant currency, $29,000, seized from Claude Hall Sr. Additionally, this court upheld the summary judgment in favor of the United States against Claude Hall Jr.'s one-half interest in the defendant one-half acre located on Beaver Creek in the names of Claude Hall Jr. and Sandra Kay Hall. This court concluded, however, that the district court had erred in granting summary judgment with respect to Sandra Hall's interest in the one-half acre tract and remanded the case as to Sandra Kay Hall's one-half interest in the defendant one-half acre. United States v. Three Tracts of Property Located on Beaver Creek, 994 F.2d 287, 289 (6th Cir. 1993).
 
 
 5
 On April 15, 1994, the district court ordered the final decree of forfeiture in compliance with this court's opinion. Sandra Kay Hall's interest in the one-half acre tract was specifically recognized by the district court, and the court ordered that she receive one-half of the net proceeds from the sale of the one-half acre tract, in the amount of four thousand dollars. Claude Hall Jr. and Sandra Kay Hall appeal from that order.
 
 
 6
 The subject defendant property in this appeal is the one-half acre tract of land located on Beaver Creek in the names of Claude Hall Jr. and Sandra Kay Hall. On appeal, Claude Hall Jr. and Sandra Kay Hall essentially challenge the order of forfeiture. Only one of their claims concerns Sandra Hall's rights to the property. Together, these pro se appellants claim that: 1) the district court's forfeiture order unfairly infringed upon Sandra Kay Hall's interest in the property; 2) the district court improperly exercised personal jurisdiction over appellant Claude Hall Jr.; 3) the district court improperly exercised jurisdiction over the property; and 4) the forfeiture order violated Claude Hall Jr.'s rights under the Fifth and Eighth Amendments.
 
 
 7
 Sandra Kay Hall argues that her interest in the defendant property has been unfairly infringed. In short, she did not want the proceeds from the sale of the property, but rather wanted to retain her one-half ownership interest in the property. The record reveals that Sandra Kay Hall did not object to the government's proposal to sell the property and remit one-half of the proceeds to her. Therefore, Sandra Kay Hall received the value of her one-half interest in the property. Hence, the judgment should be affirmed as to Sandra Kay Hall because her claim is completely without merit.
 
 
 8
 Claude Hall Jr.'s claims regarding personal jurisdiction and jurisdiction over the property relate to the judgment of forfeiture which this court affirmed in a previous opinion. Three Tracts of Property Located on Beaver Creek, 994 F.2d at 287. In that case, we satisfied ourselves of our jurisdiction over Claude Hall Jr. and the property. See generally United Liberty Life Ins. Co. v. Ryan, 985 F.2d 1320, 1325 (6th Cir. 1993). Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that litigation. United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993)). The law of the case doctrine dictates that issues, once decided, should be reopened only in very limited circumstances. See Petition of United States Steel Corp., 479 F.2d 489, 494 (6th Cir.), cert. denied, 414 U.S. 859 (1973). Generally, a court may disregard a previous decision only when it is left with a clear conviction of error. Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.), cert. denied, 502 U.S. 821 (1991). No such error exists in this case. Thus, both of Claude Hall Jr.'s jurisdictional claims arise from findings made at one point in the litigation which have become the law of the case for this stage of the litigation. See Moored, 38 F.3d at 1421. Moreover, neither of Claude Hall Jr.'s jurisdictional claims warrants consideration by this court because they do not leave one with a clear conviction of error. See Moses, 929 F.2d at 1137.
 
 
 9
 In his first claim, Claude Hall Jr. contends that the district court improperly exercised personal jurisdiction over him. The record, however, reveals that the district court properly exercised personal jurisdiction over Claude Hall Jr. He was personally served notice of process by delivery of a U.S. Marshal's Service form 285, with attached copies of the Verified Complaint, Warrant of Arrest In Rem on Order, on the date he was sentenced in the underlying criminal action. In his second claim, Claude Hall Jr. argued that the district court improperly exercised jurisdiction over the property. The record, however, reflects that the district court did properly exercise jurisdiction over the property because the Verified Complaint of Forfeiture In Rem was properly verified by F.B.I. Special Agent Ben Walker.
 
 
 10
 Claude Hall Jr.'s final claim raises constitutional issues that were not raised in the district court, or on direct appeal. Because these issues were not presented to the district court, or this court on appeal, they are waived. United States v. Three Parcels of Real Property, 43 F.3d 388, 394 (8th Cir. 1994).
 
 
 11
 Accordingly, the district court's order and final decree of forfeiture dated April 15, 1994, is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation