**SPIRO v. PENNSYLVANIA R. CO. et al.**

District Court, S. D. New York.

Dec. 16, 1942.

Frederick M. Garfield, of New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant Pennsylvania R. Co.

Alexander & Green, of New York City, for defendant Pullman Co.

LEIBELL, District Judge.

This is a motion by the plaintiff for an order taking this case from the nonjury calendar and placing it on the jury calendar for trial.

The plaintiff, Herbert A. Spiro, has brought an action in negligence against the defendants, the Pennsylvania Railroad Company and the Pullman Company, for the recovery of damages for injuries allegedly sustained by him while a passenger on a railroad car owned by the Pullman Company, and operated and transported by the Pennsylvania Company. Paragraph Tenth of the complaint alleges: "Tenth:—That while the said train was in the station at Harrisburg, Pennsylvania, the defendant, their agents, servants and employees, directed the plaintiff to a light from a car therein and thereafter, and without warning or notice to the plaintiff, carelessly, recklessly and negligently placed such trains in motion, while the plaintiff was in the act of alighting, as the result of which, the plaintiff was thrown from the car to the ground."

The negligence charged (paragraphs Eleventh and Twelfth) is that of the defendants "either or both of them".

The answer of the Pullman Company was served on September 16, 1942 and the Calendar Commissioner notified the parties on October 9, 1942 that the case was on the nonjury calendar. The answer of the other defendant was not yet due when this motion was made. Plaintiff's demand for a jury trial was made November 25, 1942.

The plaintiff contends first, that although his demand for a jury trial was not made within ten days after September 16, 1942, the date of the service of the Pullman Company's answer, that Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, allows him until ten days after the other defendant's answer is served, and that his demand was therefore timely; and, second, that if his interpretation of Rule 38(b) is not proper, that the rule is sufficiently ambiguous to induce this court to exercise its discretion under Rule 39(b) to order a jury trial despite the plaintiff's waiver, particularly since two separate trials, one to the court and the other to a jury, would be a duplication of effort and a waste of time and money.

Both defendants contend that the issue of the joint negligence of the defendants was joined when the Pullman Company served its answer on plaintiff, and that

plaintiff, by not complying with Rule 38(b), has waived his right to a jury trial against the defendants and each of them.

Three questions are presented: (1) Has the plaintiff waived his right to a jury trial of any of the issues as against the Pullman Company; (2) has the plaintiff waived his right to a jury trial as against the Pennsylvania Railroad Company; (3) if the plaintiff has waived his right to a jury trial as to the Pullman Company, but not as to the Pennsylvania Railroad Company, should this court, in the exercise of its discretion as provided in Rule 39(b), grant plaintiff's motion and direct that all the issues as to both defendants be tried before a jury?

Rule 38(b) provides, in relevant part, "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor * * * not later than 10 days after the service of the last pleading directed to such issue. * * *" Unless the demand is timely made the failure to demand a jury trial constitutes a waiver. Rule 38(d).

Clearly and without citation of authority, it cannot be said that the Pullman Company's answer was "the last pleading directed to" the issue of the joint negligence of the defendants, although it was as to the separate liability of that company. Nor was it the last pleading as to the extent of plaintiff's injuries and damage. Issue has not yet been joined by any answer of the Pennsylvania Company, and there has been no waiver by plaintiff of a jury trial of that company's joint or several liability, or of the injuries sustained by plaintiff and damage suffered. Since the plaintiff has waived a jury trial only of the issue of the several liability of the Pullman Company, but has not waived it as to all other issues of his claim against that company or as to any issue of his claim against the Pennsylvania Company, this appears to be a proper case for the exercise of the court's discretion under Rule 39(b) in favor of an order that all issues as to both defendants be tried by a jury. Any other course would either deprive plaintiff of his constitutional right to a jury trial or would lead to duplication and confusion. Gunther v. H. W. Gossard Co., D.C., 27 F.Supp. 995. Plaintiff's motion to transfer the case to the jury calendar for trial of all issues as against both defendants is granted. Submit order on notice.