**Debra DOUGLAS, Plaintiff,**

v.

**Louis BURROUGHS, et al., Defendants.**

**No. C83–2327.**

United States District Court,
N.D. Ohio, E.D.

Sept. 25, 1984.

Avery S. Friedman, Cleveland, Ohio, for plaintiff.

Alonzo Snipes, Jr., Cleveland, Ohio, for Louis Burroughs.

John Kluznik, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for Cuyahoga Metropolitan Housing Authority, Peter Iskin, Norman Krumholz, Isabelle Hendricks, Adeline Turner, Marie Childress, George James and C. David Witt.

Richard J. Giffels, Quandt, Giffels, Buck & Rodgers, Cleveland, Ohio, for Cuyahoga Metropolitan Housing Authority.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This matter is before the Court on Defendant Burrough's demand for a jury trial under Federal Rule of Civil Procedure 38(b). Co-defendant Cuyahoga Metropolitan Housing Authority (CMHA) moves to strike the jury demand on the ground that the Burroughs' demand was untimely. For the reasons outlined below, the Court deems Burroughs' motion timely filed and grants the jury demand.

### I.

Plaintiff Debra Douglas, filed a Complaint in this Court on June 2, 1983, naming as Defendants Louis Burroughs, Burroughs Management Systems, Burroughs Real Estate Company, Plymouth Gardens, Inc. and the Cuyahoga Metropolitan Housing Authority and its officers. Plaintiff charges that defendants' efforts to evict her violated her rights under 42 U.S.C. §§ 1983, 1985, 1437f(d)(1)(B)(ii), 24 C.F.R. § 882.215(b), the Ohio Revised Code § 5321.02 and the Fourteenth Amendment of the Constitution. Seeking injunctive, declaratory and monetary relief, plaintiff claims that the defendants, a landlord, a public housing authority and its officers and agents under color of state law, deprived plaintiff of her rights under Section 8 of the National Housing Act and the United States Constitution.[1]

On June 22, 1983, Defendant Burroughs filed its answer and counterclaim. On July 22, 1983, Defendant CMHA filed its answer to plaintiff Douglas' complaint. On July 29, 1983, Defendant Burroughs filed his jury demand.

### II.

Federal Rule of Civil Procedure 38(b) preserves the Seventh Amendment right of trial by jury.[2] The Seventh Amendment provides that in suits at common law, where the value of the controversy exceeds $20, the right of trial will be preserved. The questions before this Court in the instant case are whether the issues are triable by jury as a matter of right and, if so, whether Defendant Burroughs demand was filed within the time period prescribed by F.R.C.P. 38(b).

Since Defendant Burroughs has not specified any issues on which he demands a jury trial, Federal Rule of Civil Procedure

---

1. The related state court action, *Plymouth Gardens, Inc. v. Debra Douglas,* Civil Action No. 83 CNG 1031, was remanded to the state court on order of this Court. *See* Memorandum Opinion and Order, December 6, 1983 in *Douglas v. Burroughs.*

2. "[A]ny party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." F.R.C.P. 38(b).

38(c) mandates that "he shall be deemed to have demanded trial by jury for all issues so triable." Therefore, this Court must determine whether plaintiff Douglas' causes of action are ones that at common law were triable by jury or, on the other hand, are of an equitable nature which have historically not been triable by a jury as a matter of right.[3] *Barton v. Barbour,* 104 U.S. 126, 133–134, 26 L.Ed. 672 (1881); *see also Sheila's Shine Products, Inc. v. Sheila Shine, Inc.,* 486 F.2d 114 (5th Cir.1973); *Coca-Cola Company v. Cahill,* 330 F.Supp. 354 (W.D.Okla.1971); *Coca-Cola Company v. Wright,* 55 F.R.D. 11 (W.D. Tenn.1971); *Kimberly-Clark Corp. v. Kleenize Chemical Corp.,* 194 F.Supp. 876 (N.D.Ga.1961).

■ The determination of the right to a jury trial is purely a matter of federal law; it is a federal question. *Simler v. Connor,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). The Federal Rules of Civil Procedure abolished the distinction between law and equity as a procedural issue; however, law and equity remain separate categories when it comes to identifying rights and remedies and in turn determining the jury trial issue. The Supreme Court has stated a test for determining the characterization or "legal" nature of an issue: "As our cases indicate, the 'legal' nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries." *Ross v. Bernhard,* 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970).

■ The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action. *Simler,* 372 U.S. at 223, 83 S.Ct. at 611. The nature of the issue is to be determined from the pleadings. *Beacon Theatres v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). The Court may also consider the nature of the relief sought, but it is not controlling. *Prudential Oil Corp. v. Phillips Petroleum Co.,* 392 F.Supp. 1018 (S.D.N.Y.1975); *Klein v. Shell Oil Co.,* 386 F.2d 659 (8th Cir.1967); *Dixon v. Northwestern Nat. Bank,* 297 F.Supp. 485 (D.C.Minn.1969).

The distinction between actions at law and those at equity is a difficult one and it is little wonder that the decision to abolish it in the Federal Rules was welcomed so quickly. Essentially, the nature of relief denied distinguishes the two:

> [A legal action] is designed to afford redress for injuries already inflicted and rights of person or property actually invaded, whereas an equitable action, is not only remedial in its nature but may also be brought for the purpose of restraining the infliction of contemplated wrongs or injuries and the prevention of threatened illegal action, which may be the occasion of serious injury to others. In actions at law, relief is almost invariably administered in the form of pecuniary compensation for the injury received, while in an equitable action the court has the discretionary power to adopt the relief to the circumstances of the case.

1 C.J.S. *Actions* § 53, at 1152 (1936).

■ It is virtually impossible to state a general rule which would determine in all cases whether a particular action should be classed as law or equity. *Whitehead v. Shattuck,* 138 U.S. 146, 11 S.Ct. 276, 34 L.Ed. 873 (1891). Where both legal and equitable relief are demanded, or are essential to a complete determination of the controversy, the action is ordinarily classified according to what appears to be its primary purpose.

While the above statement of legal rules to determine whether a right to jury trial exists is simple, the practical application of these rules in the context of a § 1983 ac-

---

**3.** Rule 39(a) makes this determination a prerequisite to reaching the question of the timeliness of the demands: "the trial of all issues so demanded *shall* be by jury, unless ... (2) the court upon motion of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or Statutes of the United States." Fed.R.Civ.P. 39(a).

tion is difficult. Some courts have been altogether unable to determine what type of action was at issue. *See Burt v. Board of Trustees,* 521 F.2d 1201 (4th Cir.1975). Section 1983 permits an injured party to seek relief "in an action at law, suit in equity, or other proper proceeding for redress." The statute does not explicitly authorize a jury trial as a matter of right. However, the Seventh Amendment's right to jury trial has been found applicable to causes of action based on statutes. *Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260 (1973).

This Court finds the rationale used in *Curtis v. Loether* persuasive. In that case, under 42 U.S.C. § 3612, a black woman claimed that defendant landlord had refused to rent her an apartment because of her race. Plaintiff sought injunctive relief as well as compensatory and punitive damages. *Curtis,* 415 U.S. at 190, 94 S.Ct. at 1006. The Supreme Court did not engage in a lengthy discussion of whether the plaintiff was primarily seeking damages (a legal claim) or an injunction (an equitable claim).[4] Rather, it stated

> [W]hen Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law.

*Id.* at 195, 94 S.Ct. at 1009.

■ In the instant § 1983 action, plaintiff seeks damages to enforce her "legal rights." Plaintiff's request for damages sounds essentially in tort and is analagous to an action for intentional infliction of distress. *See id.* at 196 n. 10, 94 S.Ct. at 1009 n. 10. In fact, plaintiff repeatedly states in her complaint that defendants' acts were "in wanton and reckless disregard of [her] rights and feelings". Com-

plaint, *Douglas v. Burroughs,* filed June 2, 1983, ¶¶ 32, 39, 51. Since the award of compensatory and punitive damages is a form of relief offered by courts of law, this Court finds that defendant Burroughs does have a right to trial by jury.

### III

Having determined that a right to a jury trial does exist in the instant case, this Court must now determine whether the demand for jury trial was timely filed. The consequence of an untimely demand is waiver of the right to trial by jury. F.R. Civ.P. 38(d). To be timely, the demand must be served "not later than 10 days[5] after the service of the last pleading directed to such issue."

Defendant Burroughs served his demand on July 29, 1983 and contends that this demand falls within the 10-day period from the service of Defendant CMHA's answer on July 22, 1983. In its motion to strike, Defendant CMHA claims that the period should be measured from June 22, 1983, the date of service of Burroughs' Answer and Counterclaim. Defendant CMHA further contends that CMHA's pleading of July 22 was an Answer that "did not require a responsive pleading from Louis Burroughs."

■ This Court rejects defendant CMHA's argument. Whether CMHA's Answer required an additional pleading from Burroughs (which it did not) has no bearing on the timeliness of Defendant Burroughs' jury demand. The only issue in determining the timeliness of a jury demand is the identification of "the last pleading." It is established that if there is more than one defendant, the service of the last answer triggers the 10-day period where there is a common issue raised between the plaintiff and all the defendants. *Spiro v. Pennsylvania R. Co.,* 3 F.R.D. 351 (S.D.N.Y.1942).

---

**4.** *See Curtis,* 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11.

**5.** When the pleadings are served by mail, as in the instant case, 3 days are added to the prescribed period. F.Rule of Civ.P. 6(e). In sum

then, Defendant Burroughs in the instant case had 13 days from the date of the last pleading. Hereinafter, any references to the 10-day period actually will represent 13 days as the amount of time to respond.

Plaintiff alleges that both CMHA and Burroughs have acted to evict her, thereby depriving her of her rights under the National Housing Act and the Constitution. Since the issues between the defendants and the plaintiff are the same, the 10-day period runs from July 22, 1983, the date upon which CMHA's Answer was served. Since defendant Burroughs' jury demand was served on July 29, 1983, it is within the 10-day period.

Therefore, the Court grants Defendant Burroughs' jury demand and denies Defendant CMHA's motion to strike.

IT IS SO ORDERED.