UNITED STATES of America, Plaintiff,

v.

**REAL PROPERTY LOCATED AT 2101, 2280, 2401 AND 2501 MAPLE STREET, CITY OF SAGINAW, SAGINAW COUNTY, MICHIGAN.**

No. 89–CV–10267–BC.

United States District Court,
E.D. Michigan, N.D.

Oct. 12, 1990.

Janet L. Parker, Asst. U.S. Atty., Bay City, Mich., for plaintiff U.S.

C. Michael Gorte, Bay City, Mich., for defendant Arthur C. Hickey.

James V. Finkbeiner, Braun, Kendrick Finkbeiner, Schafer & Murphy, Saginaw, Mich., for defendant Suellen C. Hickey.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

The Court must decide whether a property owner has a right to a jury trial in an *in rem* civil forfeiture action instituted by the government.

### I

On October 31, 1989, the government filed a civil forfeiture action *in rem* against the named property in Saginaw, Michigan. The government alleges that the property served during 1987–88 as a drug distribution center and is therefore subject to forfeiture to the United States. *See* 21 U.S.C. § 881(a)(3), (7).

After filing a notice of lis pendens and seizing the property, the government personally served the owner of the property, Arthur Hickey, with summons and complaint on March 14, 1990.[1] Hickey answered and filed a demand for a jury trial on April 4, 1990.

The government has moved to strike Hickey's jury demand. Hickey opposes the motion.

### II

#### A

■ The government argues that there is no right to a jury trial in an *in rem* civil forfeiture action under 21 U.S.C. § 881(a). It contends that such forfeiture proceedings are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. *See* 21 U.S.C. § 881(b). Under the Supplemental Rules, actions *in rem* are available "whenever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto." Supplemental Rule C(1)(b). Since a civil forfeiture action is "analogous" to a maritime forfeiture action, the government argues, both proceedings should be governed by the same rules with respect to the right to trial by jury. Under Federal Rule of Civil Procedure 38(e), there is no right to a jury trial for maritime claims.[2] Accordingly, the government would have the Court find that there is no right to a jury trial in a civil forfeiture action either.

This argument is flawed at its inception. Section 881(b) specifies when the government must serve process before seizing property. If the government is required to serve process under that section, it must do so in the manner required by the Supplemental Rules for Certain Admiralty and Maritime Claims. 21 U.S.C. § 881(b). Nothing in section 881(b), however, purports to govern the right to trial by jury.

■ The government is correct that there is no right to trial by jury in maritime actions. *See* Fed.R.Civ.P. 38(e). A forfeiture proceeding concerning real property, however, is not a maritime action. When the property is seized on land, the forfeiture suit is one at common law. *One 1976 Mercedes Benz 280S*, 618 F.2d at 459; *see*

---

1. Arthur Hickey's wife, Suellen, has disclaimed any interest in the property.

2. At the hearing on this matter, the government advanced a different theory to support its motion. It argued that claimant Hickey was, in effect, suing the government for recovery of his property and that the United States was therefore in the position of a defendant. Unless waived by statute, of course, there is no right to a jury trial in suits against the United States. *See* 28 U.S.C. § 2402; *Galloway v. United States*, 319 U.S. 372, 388, 63 S.Ct. 1077, 1086, 87 L.Ed. 1458 (1943).

This argument is meritless. *In rem* actions are legal fictions. *See United States v. One 1976 Mercedes Benz 280S*, 618 F.2d 453, 454 (7th Cir.1980) (The property "is treated as being itself guilty of wrongdoing, regardless of the owner's conduct"). The Court treats the property as the defendant for largely historical reasons, but it is quite clear that in reality it is the claimant who is the interested party. To treat the claimant as if he were an intervenor in a suit between the government and a piece of property would be an exaltation of form over substance.

also *United States v. $5,372.85 United States Coin and Currency*, 283 F.Supp. 904, 905–906 (S.D.N.Y.1968).

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved." U.S. Const., amend. VII.[3] We determine whether the right has been "preserved" by looking to the English and American practice at the time the Bill of Rights was signed in 1791. *One 1976 Mercedes Benz 280S*, 618 F.2d at 456. "[B]oth English and American practice prior to 1791 definitely recognized trial of *in rem* actions at common law as the established mode of determining the propriety of statutory forfeitures on land for breach of statutory prohibitions." *Id.* at 466.

Accordingly, Hickey has a seventh amendment right to a jury trial in this *in rem* civil forfeiture case.[4]

### B

As an alternative basis for its motion to strike, the government argues that Hickey failed to make a timely demand for a jury trial. The government served Hickey with summons and complaint on March 14, 1989. Hickey filed his answer and jury trial demand on April 4, 1989. The government asserts that Hickey filed his demand after the ten-day filing period had expired. *See* Fed.R.Civ.P. 38(b). Failure to file a timely demand results in a waiver of the right to a jury trial. Fed.R.Civ.P. 38(d).

This argument is meritless. Federal Rule of Civil Procedure 38(b) requires that the party seeking a jury trial make a demand within ten days "after the service of *the last pleading directed to*" the issue triable by a jury. *Id.* at Rule 38(b) (emphasis added). Here, that issue was whether the government may have a forfeiture of the property. The government assumes, however, that the "last pleading" was its complaint for forfeiture. This is a misap-

prehension because the "last pleading" was, in fact, Hickey's answer. *See, e.g., Douglas v. Burroughs*, 598 F.Supp. 515, 518 (N.D.Ohio 1984) ("It is established that where there is more than one defendant, the service of the last answer triggers the 10–day period"); *Spiro v. Pennsylvania R. Co.*, 3 F.R.D. 351, 352 (S.D.N.Y.1942) (same); *see also United States v. 1966 Beechcraft Aircraft Model King Air*, 777 F.2d 947, 950 (4th Cir.1985) (Defendants made timely request for jury trial in their answers, which were filed more than ten days after service of the complaint).

Because Hickey filed his jury trial demand on the same day as his answer, he preserved his right to a trial by jury on the forfeiture issue.

An order denying the government's motion to strike Hickey's jury demand will be entered.

---

**3.** The Court takes judicial notice of the fact that the value of the property here exceeds twenty dollars.

**4.** Jury trials in civil forfeiture cases appear quite common. *See, e.g., United States v. 141st Street Corp.*, 911 F.2d 870 (2d Cir.1990); *United*

*States v. 1966 Beechcraft Aircraft Model King Air*, 777 F.2d 947, 950 (4th Cir.1985); *United States v. Smith*, 730 F.2d 1052, 1057 (6th Cir. 1984) (action remanded for jury trial with respect to forfeiture of automobile).