**Randolph C. BENTLER,
Plaintiff–Appellant,**

v.

**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Defendant–Appellee.**

No. 90–55207.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1992.

Decided March 17, 1992.

Mark E. Overland, Overland & Gits, Santa Monica, Cal., for plaintiff-appellant.

Robert F. Walker, Paul, Hastings, Janofsky & Walker, Santa Monica, Cal., for defendant-appellee.

Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.

KOZINSKI, Circuit Judge.

The right to trial by jury having been "intended to secure the individual from the arbitrary exercise of the powers of government," *Bank of Columbia v. Okely*, 17 U.S. (4 Wheat.) 235, 244, 4 L.Ed. 559 (1819), "every encroachment upon it has been watched with great jealousy." *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 446, 7 L.Ed. 732 (1830), *overruled on other grounds, NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937). At the same time, "it is no easy task to adapt [the civil jury system] to the needs of a highly civilized nation, where the relations between men have multiplied exceedingly." A. de Tocqueville, *Democracy in America* 271 (J. Mayer ed. 1969). Federal Rule of Civil Procedure 38 is assigned the daunting task of striking this balance, preserving the right to trial by jury while adapting it to the complexities of modern litigation. Today we determine precisely where that balance lies when a plaintiff is suing jointly liable defendants.

## Facts

Following his employment termination from Bank of America National Trust and Savings Association (Bank), Randolph Bentler sued both the Bank and its holding company, BankAmerica Corporation (BAC), in California state court. In his complaint he alleged his termination violated federal and state laws against age discrimination, breached his oral contract of employment and its amorphous implied covenant of fair dealing, and inflicted emotional distress upon him.

The Bank removed the case to federal court. Shortly thereafter it filed an answer to Bentler's complaint, though BAC did not. Almost one year later, Bentler

filed a first amended complaint, identical in substance to his original complaint except that it contained a demand for a jury trial. This time, both the Bank *and* BAC filed answers.

With all of the pleadings filed, the case began to chug toward trial. The Bank and BAC then moved for summary judgment and to strike Bentler's jury demand. The district court granted summary judgment to BAC on all claims and to the Bank on the common law tort and contract claims. It also ruled that, because Bentler had not demanded a jury within 10 days after the Bank filed its first answer, he had waived his right to a jury. *See* Fed.R.Civ.P. 38(b).[1]

A bench trial ensued on Bentler's remaining claim of age discrimination by the Bank in violation of state and federal law. *See* 29 U.S.C. §§ 621–34; Cal.Gov't Code §§ 12940–42.[2] The court granted the Bank's Rule 41(b) motion at the close of Bentler's case-in-chief, finding that Bentler had failed to show his termination was age-related. Bentler appealed.

### Discussion

■ Federal Rule of Civil Procedure 38(b) provides that a party seeking to have a disputed issue tried before a jury must serve "upon the other parties a demand therefor in writing at any time after the commencement of the action *and not later than 10 days after the service of the last pleading directed to such issue.*" Bentler argues that, because he claimed the Bank and BAC were jointly liable for age discrimination and his request for a jury trial was on the issue of age discrimination, "the last pleading directed to such issue" was BAC's answer. Because his jury demand

preceded BAC's answer, it was timely served and the district court erred in striking it.

The Bank counters Bentler's argument with three of its own. First it argues that Bentler's jury demand was served much more than 10 days after the Bank filed its answer, which was the "last pleading directed to [the] issue" of the Bank's liability. Next it argues that even if "last pleading" means the last pleading relating to any defendant when there are jointly liable defendants, the fact that BAC was granted summary judgment left the Bank as the only liable defendant at trial. Thus, once again, Bentler's jury demand was untimely because it was served more than 10 days after the answer of the only surviving defendant. And finally, even assuming the district court erred in striking the jury demand, the Bank argues that the error does not require reversal because Bentler suffered no prejudice.

A. A constellation of federal district court opinions defines what is "the last pleading" in the case of jointly liable defendants. All arrive at the same conclusion: When defendants are jointly and severally liable for a claim containing an issue on which there is a right to jury trial, the "last pleading directed at such issue" is the last pleading required to be filed as between the plaintiff and *any* of the jointly liable defendants. *See Douglas v. Burroughs,* 598 F.Supp. 515, 518 (N.D.Ohio 1984); *Cardio–Medical Assoc., Ltd. v. Crozer–Chester Med. Center,* 95 F.R.D. 194, 196 (E.D.Pa.1982), *aff'd,* 721 F.2d 68 (3d Cir. 1983); *Marshall v. Electric Hose & Rubber Co.,* 413 F.Supp. 663, 665 (D.Del.1976); *McKnight v. Mutual Broadcasting Sys-*

---

1. Although Bentler served his demand for a jury trial before the Bank answered his first amended complaint, the amended complaint did not raise any new factual issues apart from those raised in his original complaint. For purposes of Rule 38(b), then, if Bentler waived his right to a jury trial on the claims asserted in his original complaint, he would also have waived it as to the claims advanced in his amended complaint. *See Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1049–50 (9th Cir. 1974).

2. Bentler's right to a jury trial on the sole remaining issue of age discrimination is secured by 29 U.S.C. § 626(c)(2). Waiver of that right is governed by Fed.R.Civ.P. 38(b) & (d). *But see White v. McGinnis,* 903 F.2d 699, 703 (9th Cir.) (en banc) ("knowing participation in a bench trial without objection is sufficient to constitute a jury waiver" even though Rule 38(d) does not provide for a "knowing participation" waiver), *cert. denied,* — U.S. —, 111 S.Ct. 266, 112 L.Ed.2d 223 (1990). *White* does not apply to this case because Bentler objected early and often to being denied a jury trial.

*tem, Inc.*, 14 F.R.D. 174, 175 (S.D.N.Y. 1953); *Spiro v. Pennsylvania R.R. Co.*, 3 F.R.D. 351, 352 (S.D.N.Y.1942); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2320 at 92 (1971). In addition, the only federal appellate decision to have addressed the issue reached a like result. *See In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir.1990) ("Where there are multiple parties, the last pleading by any party on a common issue will determine the time for jury demand.").[3]

Moreover, we have found a number of appellate decisions holding that where a defendant files with its answer a counterclaim that involves the same factual issues as the plaintiff's complaint, a plaintiff's jury demand served within 10 days of its reply is timely as to both the counterclaim *and the original claim. See United States v. Anderson*, 584 F.2d 369, 372 (10th Cir.1978); *Tights, Inc. v. Stanley*, 441 F.2d 336, 344 & n. 21 (4th Cir.), *cert. denied*, 404 U.S. 852, 92 S.Ct. 90, 30 L.Ed.2d 91 (1971); *Monolith Portland Midwest Co. v. Reconstruction Finance Corp.*, 240 F.2d 444, 448 (9th Cir.), *cert. denied*, 354 U.S. 921, 77 S.Ct. 1379, 1 L.Ed.2d 1435 (1957); *see also* C. Wright & A. Miller, *supra*, § 2320 at 93. These appellate decisions apply the same reasoning as the district court decisions mentioned above: "Issue," as used in Rule 38(b), means an issue of fact, and such an issue is not fully developed until *all* parties have denied, admitted or claimed a lack of knowledge as to allegations relating thereto. *See also Trixler Brokerage*, 505 F.2d at 1050 ("Manifestly, the *issue* contemplated by the Rule [38(b)] is one of fact.... An *issue* of fact does not exist unless there is an allegation and a responsive denial.").

■ We see no reason to depart from this remarkably consistent line of authority and, therefore, hold that when defendants are jointly liable on a cause of action that contains "any issue triable of right by a jury," a jury demand as to that issue is timely if served within 10 days after service of the last defendant's answer. Fed. R.Civ.P. 38(b).[4] Because Bentler's jury demand was served *before* BAC served its answer, it was timely under Rule 38(b).

B. This brings us to the Bank's second argument: Even if Bentler's demand was timely when there are jointly liable defendants (the Bank and BAC), BAC was dismissed from this case before trial and only the Bank remained as a party for purpose of trial. Thus, because Bentler's jury demand would have been untimely had the Bank been the sole defendant all along, his demand became untimely once BAC was dismissed from the case.

We find no support in Rule 38 or anywhere else for retroactively disregarding BAC's answer as the last pleading directed at the issue of age discrimination. Rule 38 provided clear notice to Bentler—as well as to the Bank and BAC—that if he (or they) wanted to exercise the right to a jury trial on the discrimination issue, a demand had to be made within 10 days after the last defendant, BAC, filed an answer. To accept the Bank's argument would deny Bentler the benefit of this notice, upon which he properly relied. In order to avoid precisely this type of unfair surprise—and to preserve inviolate the right to a jury trial—we hold that the status of a pleading under Rule 38 must be determined on the date it is served, not at a later time based on subsequent events unknown and unknowable to the parties. *See* Fed.R.Civ.P.

---

3. A second appellate decision appears to adopt this approach implicitly. *Christenson v. Diversified Builders Inc.*, 331 F.2d 992, 995 (10th Cir.), *cert. denied*, 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48 (1964), held that defendant Christenson's jury demand was timely as to some parties (the Sureties), but not as to one party (Diversified). However, it noted that "[t]he significant point in this case is that two *separate and independent* causes of action are asserted by Christenson— one by way of counterclaim against Diversified for breach of the subcontract and one against

the Sureties on their bond." *Id.* (emphasis added).

4. Of course, if one of the defendants files a counterclaim with its answer, and the counterclaim involves factual issues common to the plaintiff's original claim, then a jury demand is timely if served within 10 days after the plaintiff's reply or the last defendant's answer, whichever is later.

38(a) ("The right of trial by jury ... shall be preserved to the parties inviolate.").[5]

In this case, when BAC's answer was served, it was "the last pleading directed to [the] issue" of age discrimination as between Bentler, BAC and the Bank. And, for the purpose of Rule 38(b)'s demand deadline, it remained "the last pleading" regardless of whether BAC was dismissed from the litigation, settled out or just disappeared from the case. Accordingly, Bentler's jury demand was timely.

C. Finally, we reject the Bank's argument that Bentler suffered no prejudice because he failed to show that a jury would have come to a different conclusion from the district judge. When the district judge granted the Bank's motion for a Rule 41 dismissal, she cautioned that "if this were a jury trial I would not take the issue away from the jury at this point." This remark indicates that the district judge was exercising her authority as trier of fact, not holding that Bentler had failed to make out a case as a matter of law. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–55, 110 S.Ct. 1331, 1337–38, 108 L.Ed.2d 504 (1990); *see also Pradier*, 641 F.2d at 811.

■ Because the record and the district judge's own observations indicate that the jury could "have found the facts differently and entered a different verdict," *Lytle*, 494 U.S. at 555, 110 S.Ct. at 1338, Bentler suffered prejudice by being denied the right to have the issue of discrimination adjudicated by a jury.

## Conclusion

■ Because we hold that the district court committed reversible error in denying

Bentler's demand for a jury trial on the issue of age discrimination, we need not reach the other issues raised by Bentler.[6]

REVERSED and REMANDED for a new trial.

---

5. *See also Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir.1981) ("Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver."); Wolfram, *The Constitutional History of the Seventh Amendment*, 57 Minn.L.Rev. 639, 732 & n. 276 (1973) (fundamental nature of civil jury right evinced by fact that the United States Constitution and constitutions of every state save two guarantee a right to civil trial by jury, and the remaining two afford broad statutory rights to civil jury trial). *But see White*, 903 F.2d at 703 (permitting waiver of right to jury in manner not provided in Rule 38).

6. Bentler is not entitled to attorneys' fees under 42 U.S.C. § 2000e–5(k) as he contends; attorneys' fees in age discrimination actions are awarded, if at all, under 29 U.S.C. § 626(b). *See Richardson v. Alaska Airlines, Inc.*, 750 F.2d 763, 765–66 (9th Cir.1984). Interpreting Bentler's motion for fees as one under section 626(b), the motion is denied. While he has won this scuffle, he has yet to win a major battle in this war, and the time for pursuing attorneys' fees will have to wait until he does so. *See Hickey v. Arkla Indus., Inc.*, 624 F.2d 35, 36 (5th Cir.1980).