**UNITED STATES of America,
Plaintiff,**

v.

**ONE 1995 CHEVROLET TAHOE, VIN # 1GNEC13K3SJ398583, with all Appurtenances and Attachments thereon, Defendant.**

**No. 99–2251 DA.**

United States District Court,
W.D. Tennessee,
Western Division.

Nov. 19, 1999.

---

Christopher E. Cotten, U.S. Attorney's Office, Memphis, TN, for United States of America.

James Allen, U.S. Magistrate Judge, Memphis, TN, pro se.

Steven N. Douglass, Apperson Crump & Maxwell, Memphis, TN, for National Bank of Commerce.

Robert Holmes, FCI–Manchester, Manchester, KY, for Robert Holmes.

## ORDER CONTINGENTLY GRANTING CLAIMANT'S MOTION FOR A PROBABLE CAUSE HEARING

DONALD, District Judge.

Before the court is the motion of the claimant, Robert E. Holmes, *pro se*, for a probable cause hearing. Holmes wishes to challenge the veracity of the affidavit upon which the United States relied in seizing certain property (*i.e.*, one 1995 Chevrolet Tahoe, VIN # 1GNEC13K3SJ398583) pursuant to 21 U.S.C. §§ 801 *et seq.* The United States opposes the motion. This appears to be a matter of first impression in this court and presents an interesting procedural question.

### BACKGROUND

In this matter, the government filed a verified complaint of forfeiture, pursuant to Rule C, Supplemental Rules for Certain Admiralty and Maritime Claims, as required by 21 U.S.C. § 881(b), alleging violations of 21 U.S.C. § 881(a)(4) and (a)(6). Subsequently, this court issued a Warrant of Arrest In Rem for the seizure of the property in question. The property was seized by the government. Holmes has filed his timely notice of claim on the property as has the bank through which the vehicle was financed.

In a separate proceeding, Holmes was tried and convicted of violating federal drug laws. He is currently in the custody of the federal prisons.

### STANDARD OF LAW

Title 21 U.S.C. §§ 801 *et seq.*, addresses the control of illegal drugs. To facilitate reducing the incidence of illegal drugs, the Congress enacted statutes providing for the civil forfeiture of certain property involved with or related to drug offenses. 21 U.S.C. § 881(a) provides for the forfeiture of certain classes of property: 1) controlled substances pursuant to 21 U.S.C. §§ 801 *et seq.*, 2) raw materials, chemicals, and equipment used or intended to be used in the manufacturing or delivering of controlled substances pursuant to 21 U.S.C. §§ 801 *et seq.*, 3) containers used or intended to be used for controlled substances pursuant to 21 U.S.C. §§ 801 *et seq.*, 4) conveyances used or intended to be used for the transportation, possession, re-

ceipt, concealment, or sale of controlled substances pursuant to 21 U.S.C. §§ 801 *et seq.*, except where the violation occurred without the knowledge or consent of the owner, 5) books and records used or intended to be used in violation of 21 U.S.C. §§ 801 *et seq.*, 6) real property used or intended to be used in violation of 21 U.S.C. §§ 801 *et seq.*, except where the violation occurred without the knowledge or consent of the owner, 7) money, securities, negotiable instruments or other things of value used or intended to be used in violation of 21 U.S.C. §§ 801 *et seq.*, except where the violation occurred without the knowledge or consent of the owner, 8) drug paraphernalia pursuant to 21 U.S.C. § 857, and 9) firearms used or intended to be used to facilitate the transport, possession, sale, or concealment of controlled substances controlled substances pursuant to 21 U.S.C. §§ 801 *et seq.*

Title 21 U.S.C. § 881(b) provides that such property may be seized when: 1) incident to an arrest or execution of a search warrant, 2) the property has been subject to a prior judgment pursuant to a criminal proceeding or proceeding under this subchapter, 3) the Attorney General has probable cause to believe it is directly or indirectly dangerous to health or safety, or 4) the Attorney General has probable cause to believe that it is subject to civil forfeiture under this subchapter.

The basic procedure for civil forfeiture is explained in an article in the Federal Rules Decision reporter. David Pimentel, *Forfeiture Procedure in Federal Court: An Overview*, 183 F.R.D. I (1998). The procedure to be employed concerning property subject to civil forfeiture should be executed in accordance with the Supple-mental Rules for Certain Admiralty and Maritime Claims. 21 U.S .C. § 881(b); 28 U.S.C. § 2461. However, the statute also permits process to issue pursuant to the Federal Rules of Criminal Procedure. 21 U.S.C. § 881(b). Further, the statute mandates that the customs laws (19 U.S.C. §§ 1602 *et seq.*) are applicable to civil forfeiture proceedings. 21 U.S.C. § 881(d). Thus, there are a number of sources for determining what procedures are to be employed for civil forfeitures under 21 U.S.C. § 881. Although none of these sources specifically provide for a post-seizure, pre-trial probable cause hearing in a civil forfeiture proceeding, neither do they prohibit one.

## ANALYSIS

The question before the court is whether Holmes is entitled to a probable cause hearing in this civil forfeiture case, post-seizure of the property in question, prior to the trial on the merits, where a warrant for the seizure of the property has issued.[1] This is a particularly interesting procedural question, as the standard which the government must meet to establish a *prima facie* case for forfeiture is that of probable cause. *United States v. Certain Real Property 566 Hendrickson Boulevard, Clawson, Oakland County, Michigan*, 986 F.2d 990, 995 (6th Cir. 1993) (citing *United States v. $22,287.00, U.S. Currency*, 709 F.2d 442, 446 (6th Cir. 1983)). Once this standard has been met, the burden of proof shifts to the claimant to show, by a preponderance of the evidence, that the property in question is not subject to forfeiture. *Id.*

In civil matters, probable cause hearings are not conducted. Forfeiture proceedings, brought pursuant to 21 U.S.C. § 881 are, by definition, civil in nature. Thus, it

---

1. This court acknowledges that the Court of Appeals for the Second Circuit has held that a post-seizure, pre-trial probable cause hearing is not required for civil forfeitures. *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1163 (2nd Cir.1986). The justification for this denial was that there was already a judicial examination of probable cause in that a warrant had been issued. *But see United States v. Daccarett*, 6 F.3d 37, 55 (2nd Cir. 1993) (acknowledging that the district court held two pretrial probable cause hearings), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1294, 127 L.Ed.2d 648 (1994). This question does not appear to have been directly addressed by the Court of Appeals for the Sixth Circuit.

would seem that a probable cause hearing is not warranted.

However, a federal civil forfeiture proceeding has been recognized to be quasi-criminal in nature. *See United States v. $53,082.00 in U.S. Currency*, 985 F.2d 245, 250 (6th Cir.1993) (citing *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965)). Indeed, 21 U.S.C. § 881(b) provides that the Federal Rules of Criminal Procedure may be employed when authorizing the seizure of property. Further, even though the proceeding is civil, it stems from criminal activity (*i.e.*, drug law violations). Thus, the court will also examine the principles and rules of criminal procedure for guidance.

■ As a general matter, in a criminal proceeding, a person is entitled to a probable cause hearing after being arrested without a warrant. *See* Fed.R.Crim.P. 5 and 5.1; *Gerstein v. Pugh*, 420 U.S. 103, 113–14, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). However, this does not mean that an accused would be entitled to a probable cause hearing in all criminal matters. For example, where a grand jury indictment has issued, a probable cause hearing has been held not to be required because the grand jury has already made the probable cause determination. 1 Charles Alan Wright, *Federal Practice & Procedure*, Criminal 3rd § 85 (West 1999); *United States v. Luxenberg*, 374 F.2d 241, 247–48 (6th Cir.1967). The rationale for this position is that the arrested person has already been provided with a judicial determination of probable cause. Thus, a person arrested pursuant to a valid warrant, which is issued pursuant to a prior judicial determination of probable cause, is also not constitutionally entitled to a probable cause hearing. *Baker v. McCollan*, 443 U.S. 137, 142–43, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). This does not mean,

of course, that a trial court cannot permit a probable cause hearing where an arrest was made pursuant to a warrant. *See, e.g., Giordenello v. United States*, 357 U.S. 480, 483–84, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). *See also United States v. Daniels*, 64 F.3d 311, 314 (7th Cir.1995) (holding that *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) also applies to arrests warrants as well as search warrants); *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (holding that where the defendant makes a substantial preliminary showing of a false statement which is necessary for a finding of probable cause in a supporting affidavit for a search warrant, the Fourth Amendment requires a hearing, if the defendant so requests).

■ As previously stated, a civil forfeiture proceeding is quasi-criminal in nature. Applying the holdings in *Daniels* and *Franks* (decisions which addressed criminal procedure) to civil forfeiture proceedings, it logically follows that a probable cause hearing would apply to an arrest warrant.[2]

As Holmes is challenging the validity of the affidavit which forms the basis of the government's probable cause for the requested civil forfeiture (*i.e.*, of the *in rem* arrest of the vehicle), his request for a pretrial probable cause hearing is not without merit. However, Holmes' motion is defective in that he has not made a substantial preliminary showing of a false statement in the affidavit submitted by the plaintiff.

A second perspective on Holmes' motion concerns the manner in which judicial resolution of a civil forfeiture complaint is handled. The statutes and rules clearly provide for a judicial proceeding to resolve the matter, which is referred to by many courts as, and is, in fact, a trial. *See, e.g., United States v. Eight Thousand Eight*

---

**2.** This conclusion is supported by a ruling of the Court of Appeals for the Sixth Circuit holding that only legally obtained evidence may be used to establish probable cause in a

civil forfeiture proceeding. *United States v. $53,082.00 in U.S. Currency*, 985 F.2d 245, 250 (6th Cir.1993).

*Hundred and Fifty Dollars in U.S. Currency,* 461 U.S. 555, 561, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). However, a trial on the merits, as a matter of general principles of law, differs considerably from a mere *ex parte* consideration of the existence of probable cause. For example, at trial, an opposing party can present oral testimony which is subject to a credibility determination by the finder of fact.[3] Credibility of witnesses cannot be evaluated on just their affidavits, which is the usual method used to establish probable cause to initiate a civil forfeiture proceeding. Thus, it would seem that there do exist differences between the determination of probable cause as an initial matter and determining probable cause on the merits, even though the standards are, by technical definition, the same.[4]

An additional difference is that in a traditional probable cause hearing, the opposing party is permitted to attack the plaintiff's probable cause, *without having to defend himself.* 1 Charles Alan Wright, *Federal Practice & Procedure,* Criminal 3d § 85 (West 1999). Whereas, in a post-deprivation trial on the merits in a civil forfeiture proceeding (where the standard the plaintiff must meet is also only probable cause), the opposing party must also present additional proof and defeat the plaintiff's probable cause by the higher standard of preponderance of the evidence and expose his own defense. The combination of these two functions in a civil

forfeiture trial, a probable cause hearing where the defendant does not have to prove his case and a trial on the merits where the party does have to prove the merits, appears to be fundamentally unfair.[5] It deprives the opposing party of the opportunity to examine the basis of the plaintiff's complaint without exposing his own position.

■ Further, for civil forfeitures to be upheld at trial, the government must not only demonstrate probable cause, but it must also prove a nexus between the property to be forfeited and the criminal activity defined by statute under 21 U.S.C. § 881(a)(4). *United States v. One 1984 Cadillac,* 888 F.2d 1133, 1136–37 (6th Cir. 1989); *United States v. One 1966 Beechcraft Baron, No. N242BS,* 788 F.2d 384, 387 (6th Cir.1986); *United States v. $22,287.00, U.S. Currency,* 709 F.2d 442, 446–47 (6th Cir.1983). However, under 21 U.S.C. § 881(a)(6), the additional element to be proven is not a *nexus* between the property to be forfeited and the criminal activity but, rather, a *substantial connection* between them, which is a higher standard. *United States v. Certain Real Property Located at 16510 Ashton, Detroit, Wayne County, Michigan,* 47 F.3d 1465, 1469 (6th Cir.1995); *United States v. $67,220.00 in U.S. Currency,* 957 F.2d 280, 284 (6th Cir.1992). Thus, there is an additional element to be proven at trial (*i.e.,* either a nexus or substantial connection), in addition to basic probable cause, that

---

**3.** In a civil forfeiture proceeding, although the relevant statutes and rules do not specifically provide for a trial by jury, many courts have permitted it. *See, e.g., United States v. Premises Known as RR# 1, Box 224, Dalton,* 14 F.3d 864, 876 (3rd Cir.1994); *United States v. One 1976 Mercedes Benz 280S,* 618 F.2d 453, 456–69 (7th Cir.1980); *United States v. Real Property Located at 2101, 2280, 2401 & 2501 Maple Street,* 750 F.Supp. 817, 818–19 (E.D.Mich. 1990).

**4.** But this difficulty in application is due, at least in part, to the unusual nature of a civil forfeiture proceeding in that the merits of the action are decided by a probable cause standard, rather than a higher standard which is

present in other trials on the merits in American jurisprudence (*i.e.,* preponderance of the evidence, clear and convincing evidence, and beyond a reasonable doubt). Thus, this matter must be, by necessity, approached differently.

**5.** This point is highlighted by the extensive amount of criticism that has been brought against the civil forfeiture statutes, criticizing their constitutionality. *See, e.g.,* David Pimentel, *Forfeiture Procedure in Federal Court: An Overview,* 183 F.R.D. 1, 3 n. 5 (1998) (citing Representative Henry Hyde, *Forfeiting Our Property Rights: Is Your Property Safe From Seizure?* (Cato Institute 1995)).

would normally not need to be proven at an *ex parte* judicial determination of probable cause for the initiation of civil forfeiture proceedings.[6]

Thus, considering the differences between a mere *ex parte* judicial determination of probable cause and the additional protections afforded by a trial on the merits (*i.e.*, a credibility determination, an opportunity to test the plaintiff's case where a reasonable basis for challenging it has been raised, and the necessity of proving an additional element), it appears that a probable cause hearing may very well be justified in these circumstances.[7] Indeed, the Sixth Circuit has held that a "claimant is entitled to an opportunity to refute the government's showing of probable cause .... [by attacking] the government's proofs as to probable cause at trial or by pretrial motion." *United States v. Real Property Known and Numbered as Rural Route 1, Box 137–B, Cutler, Ohio,* 24 F.3d 845, 848–49(6th Cir.1994) (referring to a pre-trial motion for summary judgment). Although this decision appears to give the option of which method a claimant may use to attack the government's probable cause,

it certainly provides support for the position that other pre-trial devices should be allowed to attack probable cause (*i.e.*, a probable cause hearing) in addition to a trial on the merits.[8]

However, the court acknowledges that this should not be interpreted to mean that post-deprivation, pre-trial probable cause hearings should be granted in all civil forfeiture proceedings. Rather, this decision merely addresses the propriety of such a hearing when the claimant has made an initial substantial showing that the plaintiff does not have probable cause to support the seizure.

■ In this matter, however, as previously acknowledged, Holmes has failed to offer a substantial preliminary showing of a false statement in the affidavit submitted by the government, which is a necessary element for granting a probable cause hearing under the rationale of *Daniels* and *Franks.* Thus, it would appear that, as a matter of first impression, although Holmes has presented a proper legal claim, but he has failed to sufficiently substantiate it.[9]

6. This conclusion is supported by a holding of the Court of Appeals for the Second Circuit that the filing of the complaint and the issuance of the warrant does not necessarily establish the existence of probable cause. Rather, all that the complaint need show to justify the issuance of the warrant was a reasonable belief that the government could show probable cause at trial. *See United States v. Daccarett,* 6 F.3d 37, 47 (2nd Cir.1993) (citing *United States v. U.S. Currency in the Amount of $150,-660.00,* 980 F.2d 1200, 1204–05 (8th Cir. 1992); *United States v. One Parcel of Real Property,* 921 F.2d 370, 376 (1st Cir.1990)), *cert. denied,* 510 U.S. 1191, 114 S.Ct. 1294, 127 L.Ed.2d 648 (1994). Indeed, in a recent case the Court of Appeals for the Sixth Circuit has recognized that there are differing levels of probable cause in a civil forfeiture proceeding: one for the initial seizure and another for the actual forfeiture. *United States v. One 1974 Learjet 24D, Serial Number 24D–290, Mexican Registration XA–RMF,* 191 F.3d 668 (1999). *Accord Marine Midland Bank, N.A. v. United States,* 11 F.3d 1119, 1124 (2nd Cir. 1993). Thus, there are differences between an initial determination of probable cause in a civil forfeiture proceeding and probable

cause necessary to justify forfeiture, which, in turn, would justify a probable cause hearing.

7. Of course, the claimant must still initiate the judicial procedure by filing a claim or statement of interest. 19 U.S.C. § 1609(a).

8. A ruling of the Court of Appeals for the Sixth Circuit holding that the government cannot start a forfeiture proceeding " 'in bad faith with wild accusations' " provides additional support for the position that a probable cause hearing should be permitted in certain circumstances. *United States v. $67,220.00 in U.S. Currency,* 957 F.2d 280, 284 (6th Cir. 1992).

9. In this matter, the discussion has focused on a set of circumstances where there has already been a judicial probable cause determination as evidenced by the issuance of a warrant. However, the court notes that where a seizure has occurred based upon a non-judicial finding of probable cause (*i.e.*, pursuant to 21 U.S.C. § 881(b)(1), (2), (3), or (4)), the considerations discussed in this order in support of granting a probable cause hear-

## CONCLUSION

Accordingly, in the interests of justice, as the law was not well-settled concerning this issue, Holmes' motion is CONDITIONALLY GRANTED, provided that within twenty one (21) days of the filing of this order, he submits a substantial preliminary showing of a false statement in the government's affidavit. If this showing is not made within the required time frame, then the motion shall be DISMISSED.

ing will likely apply with even more force. *See generally Lee v. Thornton,* 538 F.2d 27 (2nd Cir.1976); *Stypmann v. City and County of San Francisco,* 557 F.2d 1338 (9th Cir. 1977).