RICHARD L. HOLMES, Retired Appellate Judge.
In October 1993 Cindy M. Posey filed a complaint, alleging negligent and wanton misconduct on the part of Wal-Mart Stores, Inc. (Wal-Mart); Melissa Mangrum, an employee of Wal-Mart; certain fictitious defendants; and Sammie Hester. The complaint alleged that on March 27, 1992, Hester’s motor vehicle struck the rear of Posey’s automobile, causing Posey to suffer injuries. The complaint also alleged that on November 7, 1992, Mangrum struck Posey with a shopping cart and that as a result, Posey fell and suffered injuries.
In November 1993 both Wal-Mart and Mangrum filed answers and demands for a jury trial. In December 1993 Hester filed a motion to dismiss for lack of service of process. The trial court never ruled on this motion to dismiss. However, Posey served *1348 Hester with an alias summons and complaint in September 1994.
In September 1994 the attorney for Wal-Mart and Mangrum wrote the trial court, advising the trial court that the fee for a jury demand had been paid and requesting that the case “be taken off the October 17[, 1994,] non-jury trial docket.”
In October 1994 Posey, Wal-Mart, and Mangrum stipulated to the dismissal of Mangrum from the case with prejudice. At the same time, Posey substituted Michelle Buchanan as a defendant in the action. In December 1994 Buchanan filed an answer and a demand for a jury trial.
In January 1995 Wal-Mart filed a motion to sever Posey’s claims against Hester from Posey’s claims against Wal-Mart. The trial court issued an order, dated January 24, 1995, which stated the following, in pertinent part: “the claims will be severed and a new file opened at such time as the Defendant Wal-Mart has paid the proper filing fee.” In March 1995 Wal-Mart filed a response to the January 24, 1995, order, maintaining that Posey was the party who should rightfully pay the filing fee. Our review of the record does not reveal that this filing fee was ever paid. Hence, it is clear, based upon the record before this court, that there was no “severance.”
In August 1995 the case was scheduled for a jury trial for the week of December 4,1995. The circuit clerk served all attorneys with the “Trial Docket ... for Jury Trials Set For the Week Commencing on December 4, 1995.” The present case appeared on that trial docket.
In September 1995 Posey filed a stipulation of dismissal with prejudice of all claims against Wal-Mart and Buchanan because Po-sey had reached a settlement with Wal-Mart and Buchanan. The stipulation stated that the claims against Hester were not dismissed.
On November 30, 1995, Hester filed an answer. We would note that Hester’s answer did not contain a jury demand.
The parties and their attorneys appeared for trial on December 4,1995, and the matter was called for trial. The following exchange occurred between the trial court and Hester’s attorney prior to the beginning of the trial:
“[HESTER’S ATTORNEY]: ... Judge, for the record I want to object to the case being tried without a jury in that a jury demand was made, and the parties have not agreed for a jury demand being withdrawn. That’s for the record.
“THE COURT: Okay. I’m going to overrule your objection and go forward ore tenus without a jury.”
In February 1996 the trial court issued an order, finding in favor of Posey and assessing damages in the amount of $50,000. Hester filed a motion to vacate the judgment or, in the alternative, a motion for a new trial, which was denied.
Hester appeals.
The dispositive issue is whether the trial court committed reversible error when it declined to conduct a jury trial in the present case.
Rule 38(d), Ala. R. Civ. P., provides the following, in pertinent part:
“A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties except where an opposing party is in default under Rule 55(a).”
Rule 39(a), Ala. R. Civ. P., provides the following:
‘When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of this state.”
We find the following pertinent statements in 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2318 (1971):
*1349 “If a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in the issues for which jury trial has been demanded may rely on that demand and need not make an additional demand of their own_
“If a proper demand for a jury has been made, it cannot be withdrawn without the consent of all the parties. The demand by one party is enough to make the case a jury action....
“A party who is in default has no standing to demand a jury trial. However if a jury trial has once been properly demanded defendant, despite his subsequent default, may still insist on a jury trial on the issue of damages.”
As noted above, Wal-Mart, Mangrum, and Buchanan demanded a jury trial when each filed answers to the complaint. We find that although Hester did not demand a jury trial, he could rely upon the demands for a jury trial made by his co-defendants for the following reasons: those demands for a jury trial were made prior to the time Hester filed his answer, the demands for a jury trial were never withdrawn, and Hester never consented to any alleged withdrawal of the demands for a jury trial. See Staik v. Jefferson Fed. Sav. & Loan Ass’n, 434 So.2d 768 (Ala.1983). As our supreme court stated in Staik, 434 So.2d at 765, “[a party] can rely on the demand made ... and know that he cannot be ambushed by the withdrawal of that jury demand without his consent.”
Our review of the record reveals that the trial court treated this case as a jury case in the following manner: this case was placed on the jury trial docket and it was designated as a jury case on the case action summary-sheet. See Rule 39(a), Ala. R. Civ. P. We would also note that the parties were aware that the case was designated as a jury case because the case appeared on the December 4,1995, jury trial docket.
Additionally, we find nothing in the record to indicate that the trial court’s docket would have been disrupted if this ease had been tried as a jury case. In fact, as previously noted, this case was listed on the trial court’s jury docket for the week of December 4, 1995.
In light of the above, we find that the trial court committed reversible error when it declined to try this ease as a jury trial. Consequently, we reverse the trial court’s judgment and remand the cause to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12~18-10(e).
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur..