HOOPER, Chief Justice.
James Troy West, Jr., was involved in an automobile accident on April 18, 1998. The occupants of the other vehicle, Travis Fulgham and Eunice Prewitt, sued West and West’s insurer, Allstate Insurance Company. The plaintiffs filed their complaint on August 17, 1999, in the Tuscaloosa Circuit Court. The plaintiffs’ claims against Allstate were dismissed, with prejudice, on November 22, 1999. Prewitt’s claims were also dismissed on November 22,1999.
The trial judge has denied West’s motion for a jury trial of Fulgham’s claims, and it has refused to transfer the case to the court’s jury-trial docket. West has petitioned for a writ of mandamus directing the Tuscaloosa Circuit Court to transfer the case to its jury-trial docket. We deny the petition.
The plaintiffs filed their complaint on August 17, 1999. West answered the complaint on September 9, 1999, without making a jury demand; and on that date he also moved to sever the claims against him from those against Allstate. Allstate answered the complaint on September 20, 1999, including with its answer a jury demand. Allstate also filed a motion to sever the counts against it from those against West. On November 16, 1999, West amended his answer to withdraw his defense of accord and satisfaction, but he still did not make a jury demand. The trial was continued, by agreement, after it had been placed on the nonjury docket and scheduled for trial on March 13, 2000. The trial was reset for April 26, 2000, again on the nonjury docket; it was again *1071 rescheduled, by the parties’ agreement, for July 11, 2000. On May 5, 2000, West filed a motion for a jury trial. Judge L. Scott Coogler denied West’s motion for a jury trial, on or about July 11, 2000.
Rule 38(b), Ala.R.Civ.P., reads:
“Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue.”
Therefore, West had until October 9, 1999 — 30 days after he had filed his answer on September 9 — to file a jury demand. West’s codefendant Allstate filed an answer, including a jury demand, on September 20, 1999. West relies solely on Allstate’s filing to support his request for a jury trial. West points out that Allstate, which was at the time his codefendant, demanded a jury trial, to which he says he was also entitled, and did so within the time allowed by Rule 38(b). West cites Hester v. Posey, 684 So.2d 1347 (Aa.Civ.App.1996), which states:
“ ‘If a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in the issues for which jury trial has been demanded may rely on that demand and need not make an additional demand of their own....’”
684 So.2d at 1349 (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2318 (1971)). However, Hester is distinguishable from West’s case because in Hester the “demands for a jury trial [made by Hester’s codefendants] were made prior to the time Hester filed his answer.” 684 So.2d at 1349. Therefore, Hester could properly rely on his codefendants’ previously made jury demand. West, however, filed his answer and then later relied on a subsequent jury demand made by Allstate. In addition, the Hester trial was scheduled on the jury docket from the beginning. West’s case has always been set on the nonjury docket. In fact, West had two opportunities, on March 13, 2000, and again on April 26, 2000, to object to the court’s setting the trial on the nonjury docket. West did not make a jury demand until May 5, 2000.[1]
This case is more analogous to Staik v. Jefferson Federal Sav. & Loan Ass’n, 434 So.2d 763 (Ala.1983). In that case, Jefferson Federal filed a complaint interpleading Brewer and Staik as claimants to funds. On September 21, 1981, Brewer filed an answer and a motion to transfer the case,[2] without making a jury demand. On October 5, 1981, Staik filed an answer and a counterclaim, without making a jury demand. On November 5,1981, Brewer filed another answer, apparently an answer to the counterclaim, claiming the funds, and demanding a jury trial.[3] The trial was scheduled for May 20, 1982. Staik, on April 2, 1982, filed what he called an “amended counterclaim,” but which restated the original counterclaim; with that *1072 “amended counterclaim” he also, for the first time, made a jury demand. Staik filed his jury demand almost five months after Brewer had filed his answer and counterclaim. Jefferson Federal moved to strike Staik’s jury demand — and Brewer withdrew his jury demand. The court granted the motion to strike Staik’s jury demand, and the trial proceeded without a jury. The court held that Brewer owned the funds. 434 So.2d at 765. Staik appealed. This Court affirmed, and in doing so it rejected Staik’s argument that the trial court had erred in denying his jury demand. The Court stated:
“Staik made no demand for a jury trial at the time he filed his answer and counterclaim on October 5, 1982, and Brewer had not made a jury demand at that time. He has, therefore, waived his right, if any, to a jury trial.”
Id. at 765.
Applying the principles of Staik to this case, we conclude that West could not rely on his codefendant’s subsequent jury demand. West’s first jury demand, made on May 5, 2000, was not timely. Rule 38(b), Ala.R.Civ.P. Judge Coogler did not improperly deny West a trial by jury. The petition for the writ of mandamus is denied.
PETITION DENIED.
MADDOX, COOK, LYONS, and JOHNSTONE, JJ., concur.

. This case does not present us a question of the availability of a jury demand made within 30 days of the date of the answer filed by the last of multiple defendants to a complaint alleging joint liability. See Bentler v. Bank of America Nat’l Trust & Sav. Ass’n, 959 F.2d 138 (9th Cir.1992).

. The motion to transfer was granted on October 26, 1981; the case was transferred from the Bessemer Division of the Jefferson Circuit Court to the Birmingham Division, on October 27, 1981.

.Brewer’s jury demand was made within 30 days of Staik’s filing of his the answer and counterclaim, pursuant to Rule 38(b), Ala. R.Civ.P.