PITTMAN, Judge.
William Eric Moya appeals from a judgment of the Jefferson Circuit Court denying him a trial by jury. We affirm.
On December 29, 2010, Enoch Canterbury and his wife, Ruth Canterbury, filed a complaint arising out of an automobile accident they asserted had been caused by Moya; in their complaint, they asserted claims of negligence and wantonness against Moya and a claim for uninsured/underinsured-motorist benefits against their automobile-insurance provider, Nationwide Mutual Fire Insurance Company (“Nationwide”). The complaint did not contain a demand for a jury trial. Nationwide filed an answer, asserting a number of defenses and demanding a trial by jury. Moya later filed an answer, generally denying the allegations of the com *748 plaint and asserting a number of defenses. Moya failed to demand a trial by jury in his answer.
Nationwide filed a motion to opt out and a motion in limine. In that motion, Nationwide opted out of any further proceedings, agreeing to be bound by the verdict to the extent of any underinsured-motorist-benefit limits of coverage and liability in its contract with the Canterburys beyond liability coverages available to Moya. Nationwide further requested the trial court to prohibit the Canterburys from introducing evidence or otherwise disclosing to the jurors or prospective jurors the existence of, or the amount of, Nationwide’s insurance coverage. On April 14, 2011, the trial court granted Nationwide’s motion.
The case was set for a jury trial. On May 3, 2011, however, the Canterburys filed an objection to the jury-trial setting and a motion for a nonjury-trial setting, arguing that Moya had failed to demand a jury trial on the claims asserted against him. Moya filed a response to that motion, asserting that Nationwide’s demand for a jury trial was sufficient to maintain the case on the jury-trial docket. The Canterburys filed a reply to Moya’s response.
On June 13, 2011, a hearing was held on the Canterburys’ motion, and the trial court granted that motion in an order entered that same day. A nonjury trial was set for December 5, 2011. On July 7, 2011, Moya filed a motion to reconsider the order setting a nonjury trial, asserting, among other things, that he had relied on the jury demand made by Nationwide. The Canterburys responded to Moya’s motion to reconsider, and, on August 12, 2011, the trial court denied Moya’s motion.
On January 24, 2012, the trial court entered a final judgment in favor of the Canterburys on their claims against Moya and dismissed their claims against Nationwide. Moya filed his notice of appeal to this court on March 1, 2012.
Moya raises only one issue on appeal: whether the trial court erred in denying him a jury trial. Rule 38(d), Ala. R. Civ. P., explains that a demand for a jury trial made in accordance with that rule may not be withdrawn without the consent of the parties. Moya asserts that he was entitled to rely on Nationwide’s demand for a trial by jury and that, because he had not consented to the withdrawal of that demand, he was entitled to a jury trial.
The Canterburys cite Rosen v. Dick, 639 F.2d 82, 92 (2d Cir.1980), for the proposition that, “[i]f the first [jury] demand does not cover issues pertinent to a second party, the second party cannot rely reasonably on the first demand.” See also In re N-500L Cases, 691 F.2d 15 (1st Cir.1982). Thus, the Canterburys argue that, because the claim asserted by the Canterburys against Nationwide was a separate and distinct claim than those asserted by the Canterburys against Moya, Moya could not rely on Nationwide’s jury demand. Moya asserts, however, that the cases cited by the Canterburys are not controlling and that the Alabama cases of Hester v. Posey, 684 So.2d 1347 (Ala.Civ.App.1996); Staik v. Jefferson Federal Savings & Loan Association of Birmingham, 434 So.2d 763 (Ala.1983); and Ex parte West, 797 So.2d 1070 (Ala.2001), demand a different conclusion in the present case.
In Staik v. Jefferson Federal Savings & Loan Association of Birmingham, 434 So.2d at 764, a claimant of funds that had been paid into court by a banking institution in an interpleader action was denied a trial by jury when he had filed an answer and counterclaim that did not include a jury demand. The other claimant, who had been made a defendant to the same *749 claims as the claimant, subsequently filed an answer, including a demand for a jury trial. Id. at 764. Later, the claimant filed an amended counterclaim that included a jury demand; however, the plaintiff filed a motion to strike that jury demand and, in addition, the other claimant withdrew his demand for a jury trial. Id. at 764-65. The supreme court determined that the trial court did not err in striking the claimant’s jury demand or allowing the other claimant to withdraw his jury demand without the claimant’s consent, see Rule 38, Ala. R. Civ. P., because, at the time the claimant had filed his original answer and counterclaim, the other claimant had not yet made a jury demand and, thus, the claimant could not have relied on the other claimant’s demand for a jury. Id. at 765.
Moya also cites Ex 'parte West, supra, in an attempt to emphasize the importance of the fact that, in the present case, Nationwide’s jury demand was made before Moya filed his answer. West does not support Moya’s argument, however, because in that case, like in Staik, the jury demand relied upon was made subsequent to the original answer and, thus, could not support a later jury demand by the defendant that had filed the original answer. 797 So.2d at 1072. Moya is correct that Nationwide’s jury demand preceded the filing of Moya’s counterclaim and that, thus, based upon the timing of the parties’ pleadings, Moya could have relied on that jury demand in accordance with Rule 38.
In Hester v. Posey, 684 So.2d at 1348-49, however, also relied upon by Moya, this court stated:
“We find the following pertinent statements in 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2318 (1971):
“ ‘If a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in the issues for which jury trial has been demanded may rely on that démand and need not make an additional demand of their own....
[[Image here]]
“ ‘If a proper demand for a jury has been made, it cannot be withdrawn without the consent of all the parties. The demand by one party is enough to make the case a jury action....
“ ‘A party who is in default has not standing to demand a jury trial. However if a jury trial has once been properly demanded defendant, despite his subsequent default, may still insist on a jury trial on the issue of damages.’
“As noted above, Wal-Mart, Mang-rum, and Buchanan' demanded a jury trial when each filed answers to the complaint. We find that although Hester did not demand a jury trial, he could rely upon the demands for a jury trial made by his co-defendants for the following reasons: those demands for a jury trial were made prior to the time Hester filed his answer, the demands for a jury trial were never withdrawn, and Hester never consented to any alleged withdrawal of the demands for a jury trial. See Staik v. Jefferson Fed. Sav. & Loan Ass’n, 434 So.2d 763 (Ala.1983). As our supreme court stated in Staik, 434 So.2d at 765, ‘[a party] can rely on the demand made ... and know that he cannot be ambushed by the withdrawal of that jury demand without his consent.’ ”
(Emphasis added.)
It is clear from the language cited and adopted in Hester, including the language we have emphasized in the quote above, that the rule asserted by the Canterburys applies in Alabama. Moya argues in his reply brief to this court that, even if the rule as stated in Rosen were applicable *750 here, because the claims against Moya and the claims against Nationwide arise from the same facts and Nationwide’s liability depends on the resolution of the negligence claim against Moya, all the claims in the Canterburys’ complaint were covered by Nationwide’s jury demand. As stated in Hester, however, “ ‘all of the parties to the action who are interested in the issues for which jury trial has been demanded may rely’ ” on the previous jury demand. 684 So.2d at 1349 (emphasis added). In the present case, Moya does not argue that he had any interest in the outcome of the uninsured/underinsured-motorist claims against Nationwide, only that Nationwide’s liability was dependent on the resolution of the Canterburys’ claims against him. Based on Hester, because Moya had no interest in the issue raised against Nationwide, Moya was not able to rely on Nationwide’s jury demand, and, thus, the trial court did not err in declining to afford Moya a jury trial.
AFFIRMED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.